CENTRE DEVELOPMENT COMPANY AND COZART, EAGLES & CO., INC. v. THE COUNTY OF WILSON, NORTH CAROLINA AND JOHN D. WILSON, C. CHARLES BARNES, ROY L. CHAMPION, ONNIE R. COCKRELL, JR., DARYL G. SIMPSON, H. DAVID GLOVER AND W. D. P. SHARPE III, CONSTITUTING THE WILSON COUNTY BOARD OF COMMISSIONERS

No. 797SC138

(Filed 8 January 1980)

Injunctions § 2; Eminent Domain § 1— injunction not available to prohibit condemnation

Plaintiff landowners could not invoke the aid of a court of equity to enjoin a county from condemning their land for a public purpose pursuant to G.S. Ch. 160A, Art. 11 where plaintiffs have an adequate remedy at law since they may appeal the condemnation proceeding pursuant to G.S. 160A-255 and may raise on such appeal all issues which they have raised in their action for an injunction.

APPEAL by plaintiffs from *Brown, Judge.* Judgment entered 17 November 1978 in Superior Court, WILSON County. Heard in the Court of Appeals 16 October 1979.

Plaintiffs filed a complaint against defendants (County and Board) alleging that on 9 October 1978, the Board adopted a resolution pursuant to "G.S. 160A-248(b)"[sic] for the acquisition through condemnation of ten acres of property owned by Centre Development Company and located in the City of Wilson. Cozart, Eagles & Company is a tenant of the land owner. Plaintiffs attempted to enjoin Wilson County from proceeding with the condemnation of their land. Simultaneously with the filing of the action, a temporary restraining order was entered against defend-

ants and a show cause hearing set to determine whether the temporary restraining order should be continued and a preliminary injunction issued pending final determination.

On 17 November 1978, Judge Brown denied plaintiff's request for a preliminary injunction and dissolved the temporary restraining order previously entered. Plaintiffs appealed.

*Lucas, Rand, Rose, Meyer, Jones & Orcutt, by Z. Hardy Rose and R. Michael Jones, for plaintiff appellants.*

*Moore, Weaver & Beaman, by George A. Weaver, for defendant appellees.*

ERWIN, Judge.

Plaintiffs contend that the trial court erred as a matter of law by declaring the constitutionality of a statute at a preliminary hearing on an order to show cause and by failing to defer such question until a final hearing upon the merits after answer had been filed and when all of the facts could be shown.

Before we determine the merits of this case, we must determine whether plaintiffs may invoke the aid of a court of equity to enjoin Wilson County, which has power of eminent domain pursuant to G.S. Chap. 160A, Art. 11 to condemn land for public purposes. Equity will not lend its aid in any case where the party seeking it has a full and complete remedy at law. *In re Estate of Daniel,* 225 N.C. 18, 33 S.E. 2d 126 (1945); *Zebulon v. Dawson,* 216 N.C. 520, 5 S.E. 2d 535 (1939).

Wilson County has the power of eminent domain pursuant to G.S. 153A-159. This statute authorizes Wilson County to use the procedures of G.S. Chap. 160A, Art. 11. There is no question that Wilson County proceeded under the statutes stated.

Plaintiffs contend that the statutory procedure being used by Wilson County to condemn their land is unconstitutional since the adoption of the preliminary condemnation resolution by Wilson County was tantamount to the taking of plaintiffs' land for which they were not paid any compensation pending a final determination of the County's right to condemn. The procedure as applied to the facts in the instant case raises serious constitutional ques-

tions, and plaintiffs contend that they violate normal standards of procedural due process.

In this State, there are two constitutional limitations on the exercise of the power of eminent domain: (1) the taking of private property must be for a public use or purpose. *Highway Commission v. Batts,* 265 N.C. 346, 144 S.E. 2d 126 (1965); (2) just compensation must be paid to the owner of the property taken or condemned. *Highway Commission v. Batts, supra; Power Co. v. King,* 259 N.C. 219, 130 S.E. 2d 318 (1963); *Mount Olive v. Cowan,* 235 N.C. 259, 69 S.E. 2d 525 (1952).

The General Assembly, subject to constitutional limitations, may authorize the taking of private property for public use or purpose. *Durham v. Rigsbee,* 141 N.C. 128, 53 S.E. 531 (1906). Statutes granting the power of eminent domain must be strictly construed and followed. *State v. Club Properties,* 275 N.C. 328, 167 S.E. 2d 385 (1969); *Mount Olive v. Cowan, supra.* The right of eminent domain is granted by the General Assembly to a public agency or quasi-public corporation, because the public interest and welfare require that private property shall be taken, from time to time, for public uses or purposes designated by statute and in a manner prescribed by the statute. *R. R. v. Manufacturing Co.,* 166 N.C. 168, 82 S.E. 5 (1914). What is a public use is a judicial question to be determined by the court as a matter of law, reviewable on appeal. *Highway Commission v. Batts, supra.*

If G.S. Chap. 160A, Art. 11 protects the plaintiffs in all the areas hereinabove set out, then the plaintiffs would have a remedy at law, and the instant case should have been dismissed. On the other hand, if any of the plaintiffs' rights are not protected, then we must determine whether the trial court committed error as alleged by plaintiffs.

G.S. Chap. 160A, Art. 11 may be used by cities and counties to condemn land. We find the use of this authority is limited in its use, and we have found only one case decided in our appellate division relating to this article, *In re Condemnation by Greensboro,* 21 N.C. App. 124, 203 S.E. 2d 325 (1974).

G.S. 160A-246 provides:

"§ 160A-246. *Preliminary condemnation resolution.*—(a) Condemnation shall begin with the city council's adoption of

a preliminary condemnation resolution containing substantially the following:

(1) A description of each lot, tract, parcel of land, or body of water in which property rights are to be acquired;

(2) The nature of the right, title, or interest to be acquired in the property, including a description of the location of any easement or other right in property that can be located on the ground, but is less than an estate in fee;

(3) A statement of the purpose for which the property is to be acquired;

(4) A statement as to whether the owner will be permitted to remove all or a specified portion of any buildings, structures, permanent improvements, or fixtures situated on or affixed to the property;

(5) The name and address of the owner of the property and all other persons known to have an interest in the property, including the holders of vested or contingent future interests, the holders of liens, options, judgments, or other encumbrances on the title to the property; the holder of the equity of redemption under a mortgage; and the grantor and third party beneficiary under a deed of trust. Persons known to have an interest in the property but whose names or addresses cannot be ascertained with reasonable diligence and expense may be named as 'unknown persons' or addressed as 'address unknown.' A person's interest in property shall be deemed known if it appears of record, or could or would be discovered by the exercise of reasonable diligence and expense.

(6) A statement and notice as to the composition, method of selection, time and place of first meeting, and general duties of the board of appraisers;

(7) The name of the member of the board of appraisers appointed by the city.

(b) Unless the preliminary condemnation resolution specifically provides otherwise, the description of a parcel of land and the statement of intention to acquire title to it in fee simple absolute shall be deemed to include all buildings, structures, permanent improvements, and fixtures situated on or affixed to the land, and all privileges, appurtenances, and other property rights running with the land.

(c) The preliminary condemnation resolution shall initiate condemnation against all property described and all parties named therein. It shall not be necessary to initiate separate proceedings against each individual lot, tract, or parcel of land or each individual owner, but the resolution shall be limited to condemnation for a single project or purpose, and to property under common ownership."

The resolution adopted by the Board of Commissioners of Wilson County on 9 October 1978 followed the mandates of the statute. A copy of the resolution was duly served on plaintiffs as provided by law on 10 October 1978. The case *sub judice* was filed on 25 October 1978, and defendants were restrained and enjoined by a temporary restraining order on the same date. The resolution was filed in the Office of Register of Deeds of Wilson County on 17 October 1978 as provided by G.S. 160A-247.

G.S. 160A-255 provides:

"§ 160A-255. *Appeal to General Court of Justice.*—Any party to a condemnation proceeding, including the city, may appeal the proceeding to the appropriate division of the General Court of Justice, but the city may appeal only as to the issue of compensation. Notice of appeal shall be given within 30 days from the date that the final resolution of condemnation is adopted, and shall be served on all parties to the proceeding by registered mail to their last known address. An appeal shall not delay the vesting in the city of title to the property or hinder the city in any way from proceeding with the project or improvement for which the property was acquired, except that if the appeal is by a party described in G.S. 160A-243(b) or (c), vesting of title in the city

shall be suspended until the court has rendered final judgment on the power of the city to acquire the property and the amount of compensation to be paid. *In an appeal by a party described in G.S. 160A-243(b), the court may, in its discretion, reduce the amount of property that may be acquired by the city.*" (Emphasis added.)

Our study of the statutes in question leads us to conclude that plaintiffs have an adequate remedy at law in the case *sub judice* and that it was error for the trial court to proceed in equity. If the County condemns plaintiffs' property as proposed, plaintiffs have the right of appeal pursuant to G.S. 160A-255. In the event of such appeal, plaintiffs may raise all issues set out in the case *sub judice*, and the trial court may pass on each of them at that time.

The order entered is vacated and remanded to the trial court with instructions to dismiss the plaintiffs' case. all restraining orders entered are vacated.

Judges VAUGHN and HILL concur.