LESTER H. YANDLE, JR., AND MARY H. YANDLE v. MECKLENBURG COUN-TY, NORTH CAROLINA

MECKLENBURG COUNTY, NORTH CAROLINA v. TOWN OF MATTHEWS AND LESTER H. YANDLE, JR.

No. 8526SC403

(Filed 5 November 1985)

Appeal and Error § 6.2; Injunctions § 13— preliminary injunction—non-appealable interlocutory order—no authority to prohibit conveyance of property

A preliminary injunction prohibiting a town from annexing certain property and prohibiting a county from condemning the property was a non-appealable interlocutory order where there was no evidence that either the town or the county will be irrevocably harmed if the status quo is maintained until a final hearing. However, the trial court had no authority to enter that portion of the preliminary injunction prohibiting the landowners from conveying their property since such relief is not reasonably necessary to protect a party's rights.

APPEAL by defendants from *Burroughs, Judge.* Orders of preliminary injunction entered 31 December 1984. Heard in the Court of Appeals 28 October 1985.

These are civil actions wherein plaintiff Mecklenburg County seeks to permanently enjoin the Town of Matthews from annexing certain property in Mecklenburg County belonging to Lester and Mary Yandle, and plaintiffs Lester and Mary Yandle seek to permanently enjoin Mecklenburg County from condemning their land.

The record discloses the following uncontradicted facts: 1) Lester and Mary Yandle own a 300 acre vacant tract of land in Mecklenburg County adjacent to the town of Matthews; 2) On 1 October 1984, the Mecklenburg County Board of County Commissioners publicly announced interest in part of the Yandle property as part of a potential landfill site; 3) Also on 1 October 1984, Lester and Mary Yandle filed a petition with the Town of Matthews requesting voluntary annexation of their property; 4) On 5 November 1984, the Mecklenburg County Board of County Commissioners directed the county manager to notify Lester and Mary Yandle of the County's intention to condemn their property; 5) On 26 November 1984, the Town Council of Matthews passed a resolution opposing the use of the Yandle property as a landfill; 6) Lester and Mary Yandle filed an action on 5 December 1984 to enjoin Mecklenburg County from condemning their property; 7) Mecklenburg County filed an action on 7 December 1984 to enjoin the Town of Matthews from annexing the Yandle property; 8) Also on 7 December 1984, Judge Burroughs issued temporary restraining orders enjoining Matthews from annexing the Yandle property and Mecklenburg County from condemning the Yandle property.

The matters came on for hearing before Judge Burroughs on 27 December 1984. After a hearing, Judge Burroughs made detailed findings of fact and conclusions of law. Preliminary injunctions prohibiting Matthews from annexing the Yandle property, prohibiting Mecklenburg County from condemning the property and prohibiting the Yandles from taking action affecting the title to their property were entered on 31 December 1984.

From orders prohibiting annexation, condemnation and conveyance of title, defendants Town of Matthews, County of Mecklenburg and Lester and Mary Yandle appealed.

*Ruff, Bond, Cobb, Wade & McNair, by James O. Cobb and Marvin A. Bethune, for Mecklenburg County, plaintiff, appellee and defendant, appellant.*

*Horack, Talley, Pharr & Lowndes, by Benjamin S. Horack and Neil C. Williams, and Griffin and Ruff, by Joseph M. Griffin, for Lester H. Yandle, Jr., and Mary H. Yandle, plaintiffs, appellees, and defendants, appellants.*

*Taylor and Buckley, by Charles R. Buckley III, for Town of Matthews, defendant, appellant.*

HEDRICK, Chief Judge.

Preliminary injunctions are nonappealable interlocutory orders unless the appellant shows that a substantial right will be irrevocably lost if the injunction is not immediately reviewed. *State v. School*, 299 N.C. 351, 261 S.E. 2d 908, *aff'd on rehearing*, 299 N.C. 731, 265 S.E. 2d 387 (1980).

In the record before us, there is no evidence indicating that either the Town of Matthews or Mecklenburg County will be irrevocably harmed if the status quo in this case is preserved until a final hearing can be held. The arguments raised on appeal by Mecklenburg County and the Town of Matthews must await final resolution by the trial court where all the facts can be fully developed. *Id.*

However, that portion of the order entered 31 December 1984 which enjoins Mr. and Mrs. Yandle from "taking any action whatsoever that would affect directly or indirectly the status of the title to the property" is beyond the authority of the trial court. No party requested this order. Although a court may issue injunctions as a remedy subsidiary to and in aid of another action, such relief must be reasonably necessary to protect a party's rights. *Edmonds v. Hall*, 236 N.C. 153, 72 S.E. 2d 221 (1952). There is no evidence in the record before us to justify enjoining the Yandles from exercising their right to convey their property.

For the reasons set forth above, these appeals are dismissed except that the portion of the injunction orders regarding the Yandles' power to convey their property is vacated.

Dismissed in part, vacated in part and remanded.

Judges EAGLES and MARTIN concur.