Yandle v. Mecklenburg County and Mecklenburg County v. Town of Matthews

Affirmed.

Judges MARTIN and PARKER concur.

LESTER H. YANDLE, JR. AND MARY H. YANDLE v. MECKLENBURG COUN-
TY, NORTH CAROLINA

MECKLENBURG COUNTY, NORTH CAROLINA v. TOWN OF MATTHEWS
AND LESTER H. YANDLE, JR.

No. 8626SC1043

(Filed 5 May 1987)

1. Municipal Corporations § 2— annexation and condemnation proceedings—fail-
ure to find equivalency—application of prior jurisdiction rule improper

The trial court erred in concluding that an annexation proceeding had
priority over a condemnation proceeding under the "prior jurisdiction rule,"
thus enjoining Mecklenburg County from initiating a condemnation proceeding
for the land in question, without first determining whether the annexation and
condemnation proceedings were equivalent proceedings relating to the same
subject matter.

2. Municipal Corporations § 2; Eminent Domain § 1— annexation and condemna-
tion proceedings—no equivalency

For determining whether the prior jurisdiction rule applies, eminent do-
main proceedings and annexation proceedings are not equivalent, since an
annexation proceeding gives a municipal corporation the authority to bring
property within its corporate limits, but ownership of the property does not
change hands, while a condemnation proceeding concerns the ownership of the
land itself.

3. Municipal Corporations § 2; Eminent Domain § 1— voluntary annexation and
condemnation proceedings—priority of condemnation proceeding—annexation
raised for consideration in answer

When a county initiates condemnation of property for a sanitary landfill,
and the property is being considered for voluntary annexation into a
municipality, the county may proceed with the condemnation action; the coun-
ty is entitled to an injunction enjoining the annexation proceeding; and the
property owners and the municipality may raise the proposed annexation in
the answer to the condemnation complaint for appropriate consideration by
the court.

APPEAL by Mecklenburg County from *Lewis (Robert D.)*,
*Judge*. Judgment entered 1 August 1986. Heard in the Court of
Appeals 10 February 1987.

*Ruff, Bond, Cobb, Wade & McNair by James O. Cobb and Marvin A. Bethune for appellant Mecklenburg County.*

*Charles R. Buckley, III, for appellee Town of Matthews; and Frank B. Aycock, III, and Griffin and Ruff by Joseph M. Griffin for appellees Mr. and Mrs. Yandle.*

COZORT, Judge.

This case involves a dispute between private property owners, the Town of Matthews, and Mecklenburg County. The County wants to condemn certain land to be used as a sanitary landfill. The owners of the land initiated proceedings for voluntary annexation into the Town, which, if approved, would prevent the County from using the land as a sanitary landfill. The landowner obtained a temporary restraining order which enjoined the County's condemnation proceeding, and the County obtained a temporary restraining order to enjoin the annexation. After a bench trial on the merits, the trial court dissolved both temporary restraining orders, entering a judgment which enjoined the County's condemnation proceeding and permitted the Town's annexation proceedings to go forward. The trial court's judgment was based on (1) its finding of fact that the Town's certification of the annexation petition preceded the County's notice of intent to condemn the land, and (2) its conclusion of law that the "prior jurisdiction rule" is controlling in this case. We find the trial court erred in its conclusion of law, and we vacate the judgment. Further, we remand the cause to the trial court for entry of an order restraining the Town's annexation proceedings until such time as the County has had a reasonable opportunity to pursue condemnation of the land under Chapter 40A of the General Statutes of North Carolina.

The facts are not in dispute, having been stipulated to by the parties. On 1 October 1984, prior to noon, Lester H. Yandle, Jr., and Mary H. Yandle filed a petition with the Town of Matthews for voluntary annexation of five separate parcels of real property, including two parcels which, unknown to Mr. Yandle, were being considered by Mecklenburg County as possible sanitary landfill sites. The petition for voluntary annexation was filed in accordance with N.C.G.S. § 160A-31. The aggregate area comprising these five parcels was contiguous to the corporate limits of Matthews and was eligible for annexation.

At its regular meeting on 1 October 1984, and after 2:00 p.m., the Board of Commissioners for Mecklenburg County made public for the first time its consideration as an alternative landfill a site at U.S. Highway 74 and Ridge Road which included property owned by Mr. Yandle. On that same date, the County Manager mailed a notice to Mr. Yandle that Mecklenburg County might go upon the land in question to make surveys, borings, examinations, and appraisals.

On 8 October 1984, the Matthews Town Clerk certified the sufficiency of the Yandles' petition for annexation and on that date the governing board of the Town of Matthews, by resolution, set 22 October 1984 for a public hearing on the annexation question and directed that notice of the public hearing be published. At the Town's public hearing on 22 October 1984 Mr. Yandle spoke in favor of annexing the five parcels, while no one spoke against the annexation.

On 5 November 1984, in executive session, the Mecklenburg County Board of Commissioners authorized and directed the County Manager to send "Notices of Intent to Condemn" to the owners of eight parcels of land, two of which are owned by the Yandles. On 6 November 1984, the County Manager mailed such notice to Mr. Yandle with respect to the two parcels which are part of the potential landfill site at Highway 74 and Ridge Road.

At a meeting on 26 November 1984, the Matthews Town Council adopted the following resolution:

> Be it resolved, that the Board of Commissioners of the Town of Matthews supports private development of the Tank Town, Ridge Road area and we are opposed to any public development, i.e., landfills involving said Ridge Road and Tank Town Road and that those documents be forwarded to County Commissioners both existing and newly elected and to the North Carolina Division of Health Services.

On 5 December 1984 the Yandles filed a civil action in Mecklenburg County Superior Court seeking a temporary restraining order, a preliminary injunction, and a permanent injunction which would prohibit Mecklenburg County from condemning the land in question for use as a sanitary landfill. On 6 December 1984, the

Yandles obtained the temporary restraining order against the County.

At its regular meeting on 7 December 1984, the Mecklenburg County Board of Commissioners authorized the institution of condemnation proceedings against the property belonging to Mr. Yandle. (The Commission's authorization of condemnation affected other property owners who are not party to this action.) That same day, Mecklenburg County filed a civil action against the Town of Matthews and Mr. Yandle seeking a temporary restraining order, a preliminary injunction, and a permanent injunction, which would prohibit Matthews from annexing the Yandle property. Mecklenburg County obtained the temporary restraining order on that date. The Matthews Town Council had scheduled for its meeting of 10 December 1984 the consideration of passage of an ordinance annexing all five parcels of the Yandle property.

On 31 December 1984, the superior court entered an order which preliminarily enjoined Mecklenburg County from taking further steps to condemn the Yandles' land, preliminarily enjoined the Town of Matthews from taking further action to annex the Yandles' land, and preliminarily enjoined the Yandles from taking action affecting title to their property. All parties appealed. We dismissed the appeals as premature, except for the portion of the order restricting the Yandles' right to convey their property, which was vacated. *Yandle v. Mecklenburg County and Mecklenburg County v. Town of Matthews*, 77 N.C. App. 660, 335 S.E. 2d 915 (1985).

On 21 July 1986, the case was tried, without a jury, on its merits. After adopting as findings of fact stipulations made by the parties, the court made two additional findings of fact:

[T]hat the first mandatory public procedural step in the N.C.G.S. 160A-31 voluntary annexation of property was taken by the Town of Matthews on October 8, 1984, when the Town Clerk certified the sufficiency of the petition filed by Mr. and Mrs. Yandle.

[T]hat the first mandatory public procedural step in the N.C.G.S. Chapter 40A statutory process for condemning the relevant Yandle property was taken by Mecklenburg County on November 6, 1984, when the notice of intent was mailed to Mr. & Mrs. Yandle pursuant to G.S. 40A-40.

Based on its findings of fact the court made the following pertinent conclusions of law:

1. The prior jurisdiction rule adopted in *City of Burlington v. Town of Elon College*, 310 N.C. 723 (1984) controls in this case; and this rule makes moot or academic the question of whether the voluntary annexation proceedings and the condemnation proceedings are equivalent proceedings. The Court reaches no conclusion as to whether the proceedings are equivalent.

2. Since the Town of Matthews took the first mandatory public procedural step, it and Mr. and Mrs. Yandle are free to continue with the annexation proceedings; and for so long as such proceedings are pending or when such proceedings are completed, Mecklenburg County is prevented from condemning the land because N.C.G.S. 153A-292 limits County sanitary landfills, and the condemnation of land therefor, to areas outside of incorporated cities and towns.

3. The preliminary injunction issued in the 84CVS11911 case, in which Mecklenburg County is the plaintiff, should be and hereby is dissolved, and this case is dismissed. The preliminary injunction entered in the 84CVS11992 case, in which Mr. and Mrs. Yandle are the plaintiffs, is hereby dissolved, but this case is not dismissed.

The court then entered the following judgment:

1. The Town of Matthews is entitled to adopt an ordinance annexing parcels 215-061-06 and 215-062-01 belonging to Lester H. Yandle, Jr., pursuant to the Petition for Voluntary Annexation filed by Mr. and Mrs. Yandle.

2. The County of Mecklenburg is not entitled to condemn parcels 215-061-06 and 215-062-01 while the Petition for Voluntary Annexation is pending or after an annexation ordinance is adopted by the Town of Matthews.

3. The injunction in case number 84CVS11911 is dissolved and that case is dismissed.

4. The injunction in case number 84CVS11992 is dissolved.

Yandle v. Mecklenburg County and Mecklenburg County v. Town of Matthews

5. Pursuant to the provisions of N.C.G.S. 1-500, the adoption of an annexation ordinance by the Town of Matthews is stayed pending a final determination in the Appellate Division.

Mecklenburg County appealed.

[1] The first issue to be decided on appeal is whether the trial court erred in concluding that the annexation proceeding has priority under the "prior jurisdiction rule," thus enjoining the County from initiating a condemnation proceeding for the land. The basis of the court's judgment is its conclusion of law that the prior jurisdiction rule adopted in *City of Burlington v. Town of Elon College*, 310 N.C. 723, 314 S.E. 2d 534 (1984), is applicable to this case, thus making moot the question of whether the annexation and condemnation proceedings are equivalent. We find the trial court's analysis of the law to be in error.

In *Burlington*, the question was whether Elon College prevailed in its *voluntary* annexation of areas which had been included in Burlington's proposed *involuntary* annexation plan. The court held that the resolution of that issue turned on the applicability of the "prior jurisdiction" rule. With respect to this rule the court stated:

> "The rule that *among separate equivalent proceedings* relating to the same subject matter, that one which is prior in time is prior in jurisdiction to the exclusion of those subsequently instituted, applies, generally speaking, to and among proceedings for the municipal incorporation, annexation, or consolidation of a particular territory, *i.e.*, in proceedings of this character, while the one first commenced is pending, jurisdiction to consider and determine others concerning the same territory is excluded. Thus, where two or more bodies or tribunals have concurrent jurisdiction over a subject matter, the one first acquiring jurisdiction may proceed, and subsequent purported assumptions of jurisdiction in the premises are a nullity."

. . . Additionally, we recognize that the prior jurisdiction rule is based upon priority in time and "ordinarily is determined by the time of the commencement or initiation of the

proceedings, and not by the time of completion thereof." 2 McQuillin, *supra* at 378. The time of commencement of proceedings, for purposes of the rule, is the "taking of the first mandatory public procedural step in the statutory process for . . . annexation of territory." *Id.*

310 N.C. at 727-28, 314 S.E. 2d at 537, *quoting* 2 McQuillin, Municipal Corporations § 7.22a (3d ed. 1966) (emphasis added). The court held that Burlington had taken the first mandatory public procedural step in the statutory process for annexation of territory and thereby acquired prior jurisdiction of the disputed area making any subsequent attempts by Elon College to acquire jurisdiction null and void. In so holding, the court rejected Elon College's contention that voluntary and involuntary annexation proceedings are not equivalent proceedings, which would have made the prior jurisdiction rule inapplicable. The court held that "[f]or purposes of the prior jurisdiction rule, annexation proceedings, regardless of their nature, are 'equivalent proceedings . . . .'" 310 N.C. at 729, 314 S.E. 2d at 538. In so holding it quoted with disapproval and overruled a portion of the court's prior opinion in *Town of Hudson v. City of Lenoir*, 279 N.C. 156, 181 S.E. 2d 443 (1971), which stated that voluntary and involuntary annexation proceedings are not equivalent proceedings. The court, however, did not do away with the equivalency requirement of the prior jurisdiction rule.

[2] The court below concluded that the prior jurisdiction rule was applicable without first considering whether the annexation and condemnation proceedings are " 'equivalent proceedings relating to the same subject matter.' " *City of Burlington v. Town of Elon College*, 310 N.C. at 727, 314 S.E. 2d at 537. This conclusion was in error. The court should have first made the determination of whether the proceedings are equivalent. If they are, the prior jurisdiction rule would apply. If they are not equivalent, the court could not use the prior jurisdiction rule and must look elsewhere to determine how to proceed. We hold that, for determining whether the prior jurisdiction rule applies, eminent domain proceedings and annexation proceedings are not equivalent.

Black's Law Dictionary 486 (5th ed. 1979) defines "equivalent" as "[e]qual in value, force, measure, volume, power, and effect or having equal or corresponding import, meaning or significance;

alike, identical." An annexation proceeding gives a municipal corporation the authority to bring property within its corporate limits. The ownership of the property does not change hands. In many cases, annexation has little effect on the use or value of the property. On the other hand, a condemnation proceeding concerns the ownership of the land itself, and has long been regarded as one of the strongest inherent powers of government. In *Raleigh & Gaston Railroad Company v. Davis*, 19 N.C. 451, 455-56 (1837), our Supreme Court stated:

> The right of the public to private property, to the extent that the use of it is needful and advantageous to the public, must, we think, be universally acknowledged. Writers upon the laws of nature and nations treat it as a right inherent in society. . . . [W]hen the use is in truth a public one, when it is of a nature calculated to promote the general welfare, or is necessary to the common convenience, and the public is, in fact, to have the enjoyment of the property or of an easement in it, it cannot be denied, that the power to have things before appropriated to individuals again dedicated to the service of the state, is a power useful and necessary to every body politic. . . . [I]ts existence in every state is indispensable and incontestible.

We hold that the annexation proceeding below is not equivalent to the condemnation proceeding, and the "prior jurisdiction rule" does not apply to the proceedings below. The trial court erred in its conclusion, and we vacate the judgment of 1 August 1986.

Finding that the court erred by ruling in favor of the Yandles and the Town based on the prior jurisdiction rule, we now turn our attention to resolving the issues left before the court. Vacating the judgment of 1 August 1986 would leave in place the 31 December 1984 order enjoining the County from initiating the condemnation action and enjoining the Town from annexing the land. Thus we turn our attention to that injunctive order.

In *Centre Development Company v. The County of Wilson*, 44 N.C. App. 469, 261 S.E. 2d 275, *appeal dismissed and disc. review denied*, 299 N.C. 735, 267 S.E. 2d 660 (1980), this Court held that landowners could not invoke the aid of a court of equity to enjoin a county from condemning their land for a public pur-

pose if the landowners had an adequate remedy at law. In the case below, our review of the record and the applicable law demonstrates that the Yandles have an adequate remedy at law. Mecklenburg County's condemnation of their land must be conducted under Chapter 40A of the General Statutes of North Carolina. N.C.G.S. § 40A-1 provides that the provisions of Chapter 40A shall be the "exclusive condemnation procedures to be used in this State by . . . all local public condemnors." N.C.G.S. § 40A-41 provides for the institution of a civil action by the filing in superior court of a complaint. Under N.C.G.S. § 40A-45, the owner of the property may file an answer which shall contain "[s]uch affirmative defenses or matters as are pertinent to the action . . . ." N.C.G.S. § 40A-45(a)(3). This statute gives the Yandles an opportunity to raise in court the issue of the pending annexation proceeding. Thus, we hold that the Yandles have an adequate remedy at law and are not entitled to the injunctive relief granted by the trial court. The portion of the order enjoining the County from proceeding with the condemnation must be dissolved and the action commenced by the Yandles must be dismissed.

In the other action initiated by the County, we believe the injunctive relief barring the annexation is proper. N.C.G.S. § 153A-292 provides that county landfills can be established only in areas "outside of incorporated cities and towns . . . ." If the voluntary annexation is allowed to proceed, the Yandles can effectively stop the condemnation by voluntary annexation into the corporate limits of the Town of Matthews. That action would constitute irreparable harm to the County and is a proper basis for injunctive relief. We hold that the portion of the order enjoining the annexation of the property is valid.

[3] In summary, we hold that when a county initiates condemnation of property for a sanitary landfill, and the property is being considered for voluntary annexation into a municipality, the county may proceed with the condemnation action. The county is entitled to an injunction enjoining the annexation proceeding, and the property owners and the municipality may raise the proposed annexation in the answer to the condemnation complaint, for appropriate consideration by the court.

For the reasons expressed above, the Judgment of 1 August 1986 is vacated. The cause is to be remanded to the Superior

Court of Mecklenburg County for entry of an order (1) dissolving the injunctive relief granted for the Yandles and against Mecklenburg County in Case No. 84CVS11992, (2) dismissing Case No. 84CVS11992, (3) continuing the injunctive relief granted for the County and against the Town and the Yandles in Case No. 84CVS11911, and (4) setting a reasonable time within which the County must file the condemnation action under N.C.G.S. § 40A-41.

Vacated and remanded.

Judges MARTIN and PARKER concur.