TRADEWINDS CAMPGROUND, INC. v. TOWN OF ATLANTIC BEACH

No. 883SC101

(Filed 21 June 1988)

**Eminent Domain § 1— action for injunctive relief to prevent condemnation—adequate remedy at law—judgment on the pleadings**

> Judgment on the pleadings was properly granted for defendant in an action in which plaintiff sought injunctive relief to prevent condemnation of its property where plaintiff had an adequate remedy at law. N.C.G.S. § 40A-45, N.C.G.S. § 40A-42(a).

APPEAL by plaintiff from *Freeman, Judge*. Judgment entered 10 September 1987 in Superior Court, CARTERET County. Heard in the Court of Appeals 2 June 1988.

*Bobby J. Stricklin for plaintiff appellant.*

*L. Patten Mason for defendant appellee.*

COZORT, Judge.

Plaintiff initiated this action to enjoin defendant's condemnation of plaintiff's property. From a judgment on the pleadings in defendant's favor, plaintiff appeals. We affirm.

On 13 July 1987, defendant informed plaintiff by letter that it intended to condemn plaintiff's ownership interest in New Bern Way, a street located within the Town of Atlantic Beach. On 17 August 1987, defendant filed its complaint in the condemnation action against plaintiff. On 3 September 1987, before it answered defendant's complaint, plaintiff filed the present action for injunctive relief to prevent defendant from condemning its property. Defendant never filed an answer to this complaint but filed a motion to dismiss under Rule 12(b)(6), or, in the alternative, a motion for judgment on the pleadings under Rule 12(c).

After reviewing the file and hearing the arguments of counsel, the trial court granted judgment on the pleadings on the grounds that the relief sought by plaintiff could be raised in an answer to defendant's condemnation suit. The trial court then dismissed the action with prejudice and plaintiff appealed.

Plaintiff's sole assignment of error on appeal is that the trial court erred in granting defendant's motion for judgment on the pleadings and in dismissing its claim with prejudice. We disagree.

A motion for judgment on the pleadings pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(c) should only be granted when " 'the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. In considering a motion for judgment on the pleadings, the trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.' " *Trust Co. v. Elzey*, 26 N.C. App. 29, 32, 214 S.E. 2d 800, 802 (citation omitted), *cert. denied*, 288 N.C. 252, 217 S.E. 2d 662 (1975).

N.C. Gen. Stat. § 40A-42(a) provides in part:

Unless an action for injunctive relief has been initiated, title to the property specified in the complaint, together with the right to immediate possession thereof, shall vest in the condemnor upon the filing of the complaint and the making of the deposit in accordance with G.S. 40A-41.

Plaintiff argues that this section grants it a statutory right to bring an action for injunctive relief to bar the condemnation proceeding and to prevent the title and the right to immediate possession of the property from vesting in defendant. In *Yandle v. Mecklenburg Co. and Mecklenburg Co. v. Town of Matthews*, 85 N.C. App. 382, 355 S.E. 2d 216, *disc. rev. denied*, 320 N.C. 798, 361 S.E. 2d 91 (1987), this Court held that a landowner cannot invoke the aid of a court of equity to enjoin a public condemnor from condemning their land for a public purpose if the landowner has an adequate remedy at law. *Id.* at 389-90, 355 S.E. 2d at 221.

In the case below plaintiff has an adequate remedy at law pursuant to N.C. Gen. Stat. § 40A-45 which provides in part:

(a) Any person whose property has been taken by the condemnor by the filing of a complaint containing a declaration of taking, may . . . file an answer to the complaint. . . . Said answer shall contain the following:

*      *      *      *

(3) Such affirmative defenses or matters as are pertinent to the action . . . .

On 14 December 1987, plaintiff filed an answer to defendant's complaint for condemnation in which it asserted every claim and defense it made against defendant in the present action. Since plaintiff had an adequate remedy at law, it was not entitled to injunctive relief; and judgment on the pleadings was appropriately entered for defendant.

The judgment of the trial court is

Affirmed.

Judges JOHNSON and PARKER concur.