ANNIE MITCHELL REID AND JAMES DONALD REID, PLAINTIFFS v. TOWN OF MADISON AND RICHARD KEITH TUCKER, INDIVIDUALLY AND IN OFFICIAL CAPACITY AS EMPLOYEE OF DEFENDANT TOWN OF MADISON, DEFENDANTS

No. COA00-960

(Filed 17 July 2001)

### 1. Appeal and Error— appealability—denial of motion to dismiss—defense of res judicata

An appeal was properly before the Court of Appeals where defendants raised the defense of res judicata in a motion to dismiss and the trial court's denial of that motion created the possibility of an inconsistent verdict.

### 2. Appeal and Error— voluntary dismissal—filed after notice of appeal

The trial court erred by denying defendants' motion to dismiss an action against a town and its employee where defendants filed a motion for judgment on the pleadings in the original action; that motion was denied and defendants filed a notice of appeal; plaintiffs then filed a purported voluntary dismissal without prejudice; defendants continued with their appeal without opposition and obtained a reversal of the denial of their motion to dismiss; it is not clear whether further action was taken in the trial court in that case; plaintiffs filed a new complaint which contained the same substance but which attempted to correct the pleading defects identified in the appeal; defendants moved to

dismiss based upon res judicata; and that order was denied by the trial court. Once defendants perfected their appeal, plaintiffs were obligated to take the necessary steps to present their argument to the appellate court; they cannot simply ignore and seek to avoid an appeal on the grounds that they filed a notice of voluntary dismissal after the notice of appeal was filed. *Brisson v. Kathy A. Santoriello, M.D., P.A.*, 351 N.C. 589, does not stand for the proposition that the filing of a Rule 41(a)(1) voluntary dismissal strips the Court of Appeals of its authority to docket or to consider an appeal.

Appeal by defendants from order entered 20 June 2000 by Judge A. Moses Massey in Superior Court, Rockingham County. Heard in the Court of Appeals 23 May 2001.

> *Clark Bloss & McIver, PLLC, by John F. Bloss, for the plaintiffs-appellees.*

> *McCall Doughton & Blancato, PLLC, by William A. Blancato, for the defendants-appellants.*

WYNN, Judge.

[1] The facts in this case are set out in this Court's opinion in *Reid v. Town of Madison*, 137 N.C. App. 168, 527 S.E.2d 87 (2000), and are not in dispute. On the basis of that opinion, defendants appeal the trial court's denial of their motion to dismiss the plaintiffs' complaint in the instant case on grounds of *res judicata*. The denial of a motion to dismiss based on *res judicata* may affect a substantial right so as to permit immediate appeal where there exists the possibility of inconsistent verdicts if the case should proceed to trial. *See Wilson v. Watson*, 136 N.C. App. 500, 524 S.E.2d 812 (2000); *Bockweg v. Anderson*, 333 N.C. 486, 428 S.E.2d 157 (1993). In the case *sub judice*, defendants raised the defense of *res judicata* in their motion to dismiss, and that the trial court's denial of that motion created the possibility of an inconsistent verdict if the case proceeds to trial. *See id.* Therefore, defendants' appeal is properly before this Court.

[2] Plaintiffs' complaint in the original action (98 CVS 1558) named "Town of Madison" and "Richard Keith Tucker" as defendants. The caption of the complaint did not distinguish whether Tucker was being sued in his official or individual capacity; however, the complaint alleged that, on the relevant occasion, Tucker was an employee of the Town of Madison, "acting within the scope of his employment,"

and "carrying on the business or duties of his employer[.]" Defendants filed an answer asserting defenses of governmental immunity and public official's immunity; they later filed a Rule 12(c) motion for judgment on the pleadings on grounds that plaintiffs' claims were barred by governmental immunity, which motion was denied.

On 1 April 1999, defendants filed notice of appeal to this Court from the trial court's denial of their Rule 12(c) motion to dismiss on grounds of governmental immunity. Following the notice of appeal to this Court, plaintiffs apparently filed in the trial court on 14 April 1999 a purported voluntary dismissal of the action without prejudice pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (1999).

Notwithstanding plaintiffs' purported Rule 41(a) dismissal of their claim, defendants prosecuted their appeal to this Court, resulting in a reversal of the trial court's denial of defendants' motion to dismiss on sovereign immunity grounds. *Reid v. Madison*, 137 N.C. App. 168, 170, 527 S.E.2d 87, 89 (2000), (holding that the plaintiffs "failed to allege the waiver of liability [by the Town of Madison] through the purchase of insurance . . . [and] the trial court should have dismissed plaintiffs' claim against the Town of Madison on the basis of governmental immunity"). In that opinion, this Court also held that because plaintiffs failed to indicate in the caption, allegations, or prayer for relief, whether they were suing defendant Tucker in his official or individual capacity, the complaint was treated as a suit against defendant Tucker in his official capacity. Accordingly, Tucker was deemed immune from such suit, and "the trial court should have granted defendants' motion for judgment on the pleadings as to Defendant Tucker." *Id.* at 172, 527 S.E.2d at 90. It was noted, however, "that if the plaintiffs had sued [defendant Tucker] individually, the result might have been different." *Id.*

It is not clear from the record whether any further action was taken in the trial court with respect to matter 98 CVS 1558. It is noteworthy that plaintiffs neither filed a brief, moved to dismiss, nor appeared in any other fashion in opposition to defendants' appeal to this Court in 98 CVS 1558. Additionally, plaintiffs sought no review by our Supreme Court of this Court's decision.

Over three weeks after the filing of this Court's opinion in *Reid*, on 14 April 2000, plaintiffs filed a new complaint (00 CVS 698) wherein they made attempts to correct the pleading defects identified in the prior *Reid* opinion. This new complaint arose out of the same

**REID v. TOWN OF MADISON**

[145 N.C. App. 146 (2001)]

occurrence in 1995 and was filed against the Town of Madison, and against Tucker, both "[i]ndividually and in [his] official capacity as [an] employee of Defendant Town of Madison," as appears in the caption thereof. The substance of this complaint (consisting of the claims and relief sought) is virtually identical to the complaint filed in 98 CVS 1558, with the exception that plaintiffs allege additionally that "Defendant Madison has waived any governmental or sovereign immunity or any other immunity to the extent it has purchased insurance for such negligent acts noted herein and above." Defendants responded by filing a Rule 12(b)(6) motion to dismiss on grounds that plaintiffs' claims are barred by *res judicata* as well as governmental immunity. This motion was denied by order of the trial court filed on 20 June 2000, and defendants appealed.

Defendants contend that this Court's opinion in *Reid*, 137 N.C. App. 168, 527 S.E.2d 87, is *res judicata* as to the claims raised in 98 CVS 1558, thereby precluding the same claims in plaintiffs' newly filed action in 00 CVS 698. Plaintiffs, on the other hand, contend that 98 CVS 1558 was voluntarily dismissed without prejudice on 14 April 1999, prior to the perfection of defendants' appeal, and that the appeal, and this Court's opinion in *Reid*, was therefore a nullity and without any binding legal effect. The narrow issue with which we are presented is whether plaintiffs' filing of a notice of voluntary dismissal without prejudice under N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) effectively nullified defendants' notice of appeal and stripped this Court of its power to hear defendants' appeal in 98 CVS 1558. We conclude that it did not.

N.C. Gen. Stat. § 1-294 provides that the perfection of an appeal stays all further proceedings in the trial court with respect to matters embraced in the appeal. N.C. Gen. Stat. § 1-294 (1999). For purposes of G.S. § 1-294, an appeal is perfected when it is docketed in the appellate division. *See, e.g., Swilling v. Swilling*, 329 N.C. 219, 404 S.E.2d 837 (1991). However, for purposes of the stay imposed by G.S. § 1-294, the proper perfection of an appeal relates back to the time notice of appeal was given. *See id.* In the instant case, therefore, the stay imposed by G.S. § 1-294 would have taken effect as of 1 April 1999, upon defendants filing the notice of appeal in the Superior Court and subsequent perfection thereof in this Court.

The plaintiffs argue, however, that their voluntary dismissal of 98 CVS 1558 on 14 April 1999 left nothing in the trial court to which the perfection of the appeal in the appellate division could relate back.

According to the plaintiffs, our Supreme Court's opinion in *Brisson v. Kathy A. Santoriello, M.D., P.A.*, 351 N.C. 589, 528 S.E.2d 568 (2000), resolved any doubt whether a proceeding in a case may relate back to a date prior to the filing of a voluntary dismissal.

In *Brisson*, a case arising out of a medical malpractice action, the plaintiffs' complaint failed to meet the certification requirement of N.C. Gen. Stat. § 1A-1, Rule 9(j)(1) (1999). The defendants filed a motion to dismiss based in part on the failure to include the Rule 9(j)(1) certification. The plaintiffs subsequently filed a motion to amend their complaint and moved alternatively to voluntarily dismiss their complaint without prejudice pursuant to Rule 41(a)(1). The plaintiffs' motion to amend was denied, and ruling was reserved on the defendants' motion to dismiss. The plaintiffs then voluntarily dismissed their claims against defendants pursuant to Rule 41(a)(1).

Later, the plaintiffs filed a new complaint containing the required Rule 9(j)(1) certification, and the defendants answered, asserting that the plaintiffs' claims were barred by the applicable statutes of limitation and repose. As our Supreme Court stated:

> The only issue for us to review on appeal is whether plaintiffs' voluntary dismissal pursuant to N.C. R. Civ. P. 41(a)(1) effectively extended the statute of limitations by allowing plaintiffs to refile their complaint against defendants within one year, even though the original complaint lacked a Rule 9(j) certification.

*Brisson*, 351 N.C. at 593, 528 S.E.2d at 570. Nonetheless, plaintiffs in the instant case rely upon language in *Brisson* stating:

> [P]laintiffs' motion to amend, which was denied, is neither dispositive nor relevant to the outcome of this case. Whether the proposed amended complaint related back to and superceded the original complaint has no bearing on this case once plaintiffs took their voluntary dismissal . . . . It is well settled that "[a] Rule 41(a) dismissal strips the trial court of authority to enter further orders in the case, except as provided by Rule 41(d)[,] which authorizes the court to enter specific orders apportioning and taxing costs." *Walker Frames v. Shively*, 123 N.C. App. 643, 646, 473 S.E.2d 776, 778 (1996). " '[T]he effect of a judgment of voluntary [dismissal] is to leave the plaintiff exactly where he [or she] was before the action was commenced.' " *Gibbs v. Carolina Power & Light Co.*, 265 N.C. 459, 464, 144 S.E.2d 393, 398 (1965) (quoting 17 Am. Jur. *Dismissal, Discontinuance, & Nonsuit* § 89, at 161 (1938)). After

a plaintiff takes a Rule 41(a) dismissal, "[t]here is nothing the defendant can do to fan the ashes of that action into life [,] and the court has no role to play." *Universidad Central Del Caribe, Inc. v. Liaison Comm. on Med. Educ.*, 760 F.2d 14, 18 n. 4 (1st Cir. 1985).

*Id.* Plaintiffs contend that this language in *Brisson* rendered defendants' purported perfection of their appeal ineffectual following plaintiffs' voluntary dismissal. We disagree.

In addition to the obvious fact that the above-quoted language in *Brisson* was not the basis of the Court's holding therein, we note that the quoted portion of the opinion concerns the effect of a voluntary notice of dismissal on further proceedings in the *trial court.* In the instant case, we are concerned with the effect, if any, a notice of voluntary dismissal under Rule 41(a)(1) has upon a properly noticed and, subsequently, properly perfected appeal to this Court. Contrary to the plaintiffs' assertions, *Brisson* does not stand for the proposition that the filing of a Rule 41(a)(1) voluntary dismissal strips this Court of its authority to docket an appeal or consider the merits thereof. Furthermore, plaintiffs do not cite any authority supporting such a proposition, and we decline to so hold.

It is axiomatic that this Court is bound by its prior decisions, and that inferior courts must generally follow the mandates of an appellate court. *See Sloan v. Miller Bldg. Corp.*, 128 N.C. App. 37, 493 S.E.2d 460 (1997); *Condellone v. Condellone*, 137 N.C. App. 547, 528 S.E.2d 639, *disc. review denied*, 352 N.C. 672, 545 S.E.2d 420 (2000). Pursuant to the first *Reid* opinion, the trial court should have dismissed plaintiffs' claims against the Town of Madison and granted defendants' motion for judgment on the pleadings as to defendant Tucker in 98 CVS 1558. Similarly, the trial court in 00 CVS 698 should have granted defendants' motion to dismiss all claims on grounds of *res judicata* based upon *Reid.* Plaintiffs cannot simply ignore and seek to avoid a proceeding appeal on grounds that they filed a notice of voluntary dismissal of the action *after* the notice of appeal has been filed. Plaintiffs were fully aware that defendants' appeal in 98 CVS 1558 was proceeding, yet they failed to file a brief, file a motion to dismiss the appeal, or take any other action whatsoever to preserve the argument now before this Court. Once defendants perfected their appeal, plaintiffs were obligated to take the necessary steps to present their argument to this Court for consideration. Furthermore, plaintiffs neglected to properly challenge this Court's decision in *Reid* by seeking a review thereof by our Supreme

Court. Plaintiffs' challenge to the legitimacy of that ruling is without merit.

Accordingly, the trial court's 20 June 2000 order denying defendants' motion to dismiss in 00 CVS 698 is reversed, and the matter remanded for action consistent with this opinion.

Reversed.

Judges CAMPBELL and BIGGS concur.