ALICE MONROE NELSON, LINDA L. MONROE, R.B. MONROE KELLY, JULIAN D. KELLY JR., MOYNA MONROE, ALICE BLANC MONROE NELSON AND HUSBAND L. KENT NELSON, BUNROTHA LIMITED PARTNERSHIP, KATALANTA CORP., KATHRYN B. HEDRICKS, SUSAN B. INMAN, SAMUEL N. EVINS, JR., WALTER P. EVINS, MARGARET EARLY, MARY PRESSLEY, SIDNEY McCARTY, III, MILDRED JOHNSON, JOHN HENRY CHEATHAM, TRUSTEE OF THE LIELA BARNES CHEATHAM NORTH CAROLINA RESIDENCE TRUST, PLAINTIFFS v. TOWN OF HIGHLANDS, A MUNICIPAL CORPORATION, DEFENDANT

MICHAEL WENTZ, PLAINTIFF v. TOWN OF HIGHLANDS, A MUNICIPAL CORPORATION, DEFENDANT

No. COA02-619

(Filed 5 August 2003)

**Cities and Towns— condemnation—injunctive relief**

The trial court did not err by granting defendant town's motion to dismiss plaintiff property owners' actions seeking injunctive relief to prevent defendant from proceeding with the condemnation of plaintiffs' property because plaintiffs had the opportunity to present all affirmative defenses argued in their action for a permanent injunction during the condemnation proceedings, giving plaintiffs an adequate remedy at law.

Judge HUDSON dissenting.

Appeal by plaintiffs from orders entered 15 January 2002 by Judge James U. Downs in Macon County Superior Court. Heard in the Court of Appeals 13 February 2003.

*Adams Hendon Carson Crow & Saenger, P.A., by Martin Reidinger and Cynthia Roelle, for plaintiffs-appellants.*

*Coward Hicks & Siler, P.A., by William H. Coward for defendant-appellee.*

STEELMAN, Judge.

Plaintiffs own property along Bowery Road within the corporate limits of defendant Town of Highlands ("defendant" or "Highlands").

On 31 August 2001, defendant issued to plaintiffs notices of condemnation pursuant to N.C. Gen. Stat. § 40A-40 (2001) indicating its intent to initiate actions to condemn portions of plaintiffs' property for the purpose of widening and paving Bowery Road. These notices stated that defendant intended to file its action for condemnation on 1 October 2001, and specifically informed plaintiffs of their "right to commence an action . . . for injunctive relief."

Plaintiffs Alice Monroe Nelson, *et al.*, filed an action on 28 September 2001 (01 CVS 472) seeking to enjoin defendant from condemning plaintiffs' property. Plaintiff Michael Wentz filed an action on 2 October 2001 (01 CVS 475) also seeking to enjoin defendant's condemnation of his property. Plaintiffs' complaints essentially contained nine claims: (1) notices of condemnation given plaintiffs by defendant were deficient under N.C. Gen. Stat. § 40A-40; (2) the Highlands governing board did not properly authorize the undertaking of the condemnation; (3) the property to be condemned was registered with the National Register of Historic Places, and a reasonable alternative for condemnation existed which did not include the historic property; (4) the condemnation was not for a proper public purpose; (5) the condemnation was to be financed unlawfully through a private escrow account containing funds solicited by defendant based on misrepresentations that contributions were tax deductible; (6) the terms and conditions of the escrow had not been met to allow the condemnation to proceed; (7) the escrow further was unlawful in that it provided for the payment of attorneys' fees for private parties out of funds contributed to defendant as a municipal corporation; (8) the condemnation proceeding constituted an abuse of discretion by defendant; and (9) defendant failed to perform required archeological and environmental investigations and impact studies of the property to be condemned. Plaintiffs prayed that defendant "be permanently enjoined from condemning or otherwise altering the property of the [p]laintiffs."

On 4 October 2001, defendant filed twelve separate condemnation actions against plaintiffs and other owners of property along Bowery Road.

In December 2001, the two actions against defendant seeking injunctive relief were heard as a single matter by the Macon County Superior Court. On 15 January 2002, the trial court granted defendant's motion to dismiss under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2001) for failure to state a claim upon which relief may be granted.

## NELSON v. TOWN OF HIGHLANDS

[159 N.C. App. 393 (2003)]

Plaintiffs appeal the trial court's granting of defendant's motion to dismiss.

The issue presented in the instant case is whether plaintiffs have a right under N.C. Gen. Stat. Chapter 40A to institute an action for injunctive relief to prevent defendant from proceeding with the condemnation of their property.

On appeal from a grant of a motion to dismiss, this Court must determine "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." *Harris v. NCNB Nat'l Bank*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). An action may be dismissed for failure to state a claim if no law supports the claim, if sufficient facts to state a good claim are absent, or if a fact is asserted that defeats the claim. *Shell Island Homeowners Ass'n v. Tomlinson*, 134 N.C. App. 217, 517 S.E.2d 406 (1999).

It is established law in North Carolina that an injunction is an equitable remedy and where "there is a full, complete, and adequate remedy at law, the equitable remedy of injunction will not lie." *Pelham Realty Corp. v. Bd. of Transp.*, 303 N.C. 424, 432, 279 S.E.2d 826, 831 (1981). N.C. Gen. Stat. § 40A-42 provides in part that "[u]nless an action for injunctive relief has been initiated, title to the property specified in the [condemnation] complaint, together with the right to immediate possession thereof, shall vest in the condemnor upon the filing of the complaint and the making of the deposit in accordance with G.S. 40A-41." N.C. Gen. Stat. § 40A-42(a)(1) (2001). In condemnation actions commenced under N.C. Gen. Stat. § 40A-42(a), the condemnor is required to provide notice to landowners of its intent to initiate an action to condemn the property 30 days prior to filing the condemnation complaint. N.C. Gen. Stat. § 40A-40(a)-(b). "The notice shall contain a plain language summary of the owner's rights, including . . . [t]he right to commence an action for injunctive relief." N.C. Gen. Stat. § 40A-40(b)(4).

In *Yandle v. Mecklenburg County*, 85 N.C. App. 382, 355 S.E.2d 216, *disc. review denied*, 320 N.C. 798, 361 S.E.2d 91 (1987), the Town of Matthews ("Matthews") certified a petition for voluntary annexation of five parcels of land owned by the Yandles on 8 October 1984. *Id.* at 384, 355 S.E.2d at 217. On 6 November 1984, after authorization by the Mecklenburg County Board of Commissioners, the County Manager mailed notices of the County's intent to condemn eight parcels of land, two of which were owned by the Yandles and were

part of the petition for annexation. *Id.* at 384, 355 S.E.2d at 218. On 5 December 1984, the Yandles filed a civil action seeking a temporary restraining order, preliminary injunction and permanent injunction to prevent the County from condemning their land. *Id.* Two days later, on 7 December 1984, the County authorized the institution of condemnation proceedings against the Yandles' property and also sought a temporary restraining order, preliminary injunction and permanent injunction to prohibit Matthews from annexing the Yandle property. *Id.* at 385, 355 S.E.2d at 218.

On 31 December 1984, the trial court preliminarily enjoined the County from taking further steps to condemn the Yandles' property and preliminarily enjoined Matthews from further action on annexation of the Yandles' property. *Id.* On 21 July 1986, the case was tried without a jury to determine which party had the right to proceed in its actions on the Yandles' property. *Id.* The trial court concluded that because Matthews "took the first mandatory public procedural step" by approving the Yandles' petition for voluntary annexation, Matthews could proceed with its annexation while the County was prohibited from further action to condemn the same property. *Id.* at 386, 355 S.E.2d at 219.

On appeal by the County, this Court considered the injunctive order entered in December 1984 as to the condemnation action. Relying on *Centre Development Co. v. County of Wilson*, 44 N.C. App. 469, 261 S.E.2d 275, *disc. review denied and appeal dismissed*, 299 N.C. 735, 267 S.E.2d 660 (1980), the Court in *Yandle* stated that landowners could not seek to enjoin a county from condemning their land in a court of equity if the owners had an adequate remedy at law. *Id.* at 389-90, 355 S.E.2d at 221. This Court noted that N.C. Gen. Stat. § 40A-1 "provides that the provisions of Chapter 40A shall be the 'exclusive condemnation procedures to be used in this State by . . . all local public condemnors,' " and that N.C. Gen. Stat. § 40A-45 gives landowners the opportunity to assert affirmative defenses in an answer to the condemnation complaint. *Id.* at 390, 355 S.E.2d at 221. Because N.C. Gen. Stat. Chapter 40A provided the Yandles an opportunity to raise their pending annexation action, which sought to prevent the County from condemning their land, in an answer to the County's condemnation complaint, the *Yandle* Court held they were afforded an adequate remedy at law by the statute and, therefore, were not entitled to injunctive relief. *Id.*

In *Tradewinds Campground v. Town of Atlantic Beach*, 90 N.C. App. 601, 369 S.E.2d 365, *appeal dismissed and disc. review denied*,

323 N.C. 180, 373 S.E.2d 126 (1988), the plaintiff received a notice on 13 July 1987 that the Town of Atlantic Beach ("Town") intended to condemn its property. *Id.* at 601, 369 S.E.2d at 365. On 17 August 1987, the Town filed its complaint in the condemnation action. *Id.* Before it answered the complaint, the plaintiff filed an action for injunctive relief to prevent the condemnation. *Id.* On 14 December 1987, plaintiff filed an answer to the Town's condemnation complaint asserting the same defenses claimed in its action for injunctive relief. *Id.* at 603, 369 S.E.2d at 366. The trial court granted the Town's motion for judgment on the pleadings pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(c) (2001) on the grounds that the relief sought could be raised as an affirmative defense in an answer to the Town's condemnation action. *Id.* at 601, 369 S.E.2d at 365.

On appeal to this Court, the *Tradewinds* plaintiff argued that N.C. Gen. Stat. § 40A-42(a), *supra,* granted "it a statutory right to bring an action for injunctive relief to bar the condemnation proceeding and to prevent the title and the right to immediate possession of the property from vesting in defendant." *Id.* at 602, 369 S.E.2d at 365. This Court found that plaintiff had an adequate remedy at law under N.C. Gen. Stat. § 40A-45, which provides that a property owner whose land has been taken by the condemnor may file an answer to the condemnor's complaint that includes " 'affirmative defenses or matters as are pertinent to the action. . . .' " *Id.* at 602-03, 369 S.E.2d at 366 (*quoting* N.C. Gen. Stat. § 40A-45). Citing *Yandle,* the *Tradewinds* Court held that the filing of an answer to the Town's complaint for condemnation gave the plaintiff an adequate remedy at law and that the plaintiff was not entitled to injunctive relief. *Id.* at 603, 369 S.E.2d at 366.

We have reviewed plaintiffs' substantive claims asserted in the complaints and find that each of these can be adequately addressed as affirmative defenses to the condemnation actions instituted by defendant. We recognize that the language of N.C. Gen. Stat. § 40A-42 provides some avenue of injunctive relief by limiting the right of immediate possession by the condemnor when "an action for injunctive relief has been initiated." N.C. Gen. Stat. § 40A-42(a)(1). We also acknowledge that N.C. Gen. Stat. § 40A-42(f) states that "[t]he provisions of this section shall not preclude or otherwise affect any remedy of injunction available to the owner or the condemnor." However, we do not read the language of the statute as expanding the rights of landowners to seek injunctive relief in condemnation proceedings where an adequate remedy at law exists. There is no evidence that the General Assembly intended to overrule our well established case law

regarding the availability of equitable relief. The language of the statute merely protects the right of landowners to seek "any remedy of injunction *available* to the owner or the condemnor." N.C. Gen. Stat. § 40A-42(f) (emphasis added). Thus, the statute does not abrogate the remedy of injunction where there is no adequate remedy at law.

Absent evidence of an intent by the General Assembly to expand the right to seek equitable relief in condemnation proceedings, we hold that the statute's references to "injunctive relief" refer solely to instances where there is no adequate remedy at law. While *Yandle* and *Tradewinds* relied upon *Centre Development*, which was decided by this Court prior to the enactment of N.C. Gen. Stat. Chapter 40A, we do not believe the new statute was intended to provide additional equitable remedies in condemnation proceedings. Accordingly, *Yandle* and *Tradewinds* are controlling and constrain this right where the property owners are deemed to have an adequate remedy at law through the condemnation proceeding.

We are bound by this Court's previous decisions under the principle of *stare decisis. Reid v. Town of Madison*, 145 N.C. App. 146, 550 S.E.2d 826, *disc. review allowed*, 354 N.C. 365, 556 S.E.2d 576 (2001), *review improvidently allowed*, 355 N.C. 276, 559 S.E.2d 786 (2002). While "the doctrine of *stare decisis* is inapplicable where case law conflicts with a pertinent statutory provision to the contrary," *Webb v. McKeel*, 144 N.C. App. 381, 384, 551 S.E.2d 440, 442, *disc. review denied*, 354 N.C. 371, 557 S.E.2d 537 (2001), *stare decisis* will operate where the previous decision expressly considered the seemingly contrary statute, as this Court did in *Yandle* and *Tradewinds*.

Like the landowners in *Yandle*, plaintiffs in the instant case filed an action for injunctive relief prior to the condemnor's filing of its condemnation action. Asserting their statutory right under N.C. Gen. Stat. § 40A-42(a)(1), plaintiffs requested a permanent injunction against defendant's condemnation of their property. The trial court's order granted defendant's motion to dismiss under Rule 12(b)(6) without prejudice to plaintiffs' raising the same defenses in the condemnation actions filed by defendant. Plaintiffs had the opportunity to present all affirmative defenses argued in their action for a permanent injunction during the condemnation proceedings, giving plaintiffs an adequate remedy at law. Judicial economy counsels against litigating the same issues in an injunctive relief setting and in a con-

demnation proceeding. Because we are bound by the *Yandle* and *Tradewinds* decisions, we hold that plaintiffs were not entitled to injunctive relief and their actions were properly dismissed.

AFFIRMED.

Judge McGEE concurs.

Judge HUDSON dissents.

HUDSON, Judge, dissenting.

Because I disagree with the application of the principle of *stare decisis* here, I respectfully dissent. The cases relied upon by the appellee and discussed in the majority opinion as binding include *Yandle v. Mecklenburg County*, 85 N.C. App. 382, 355 S.E.2d 382 (1987), and *Tradewinds Campground, Inc. v. Town of Atlantic Beach*, 90 N.C. App. 601, 369 S.E.2d 365 (1988). The Court in *Tradewinds* relied entirely on *Yandle*, which in turn relied primarily on *Centre Development Co. v. County of Wilson*, 44 N.C. App. 469, 261 S.E.2d 275 (1980), on the issue of whether the landowner may pursue injunctive relief. Because the statute upon which *Centre Development* relied was repealed the year following the decision, and the relevant subsection here was not mentioned in either *Yandle* or *Tradewinds*, I do not believe we are bound to follow those decisions.

In *Centre Development*, the issue before the Court was whether the landowner should have been permitted to pursue a claim for injunctive relief under the statutory provisions that existed at that time. The provisions that the Court held set forth an "adequate remedy at law" were found in Chapter 160A, Article 11, specifically N.C.G.S. § § 160A-246 and 160A-255, neither of which mentioned injunctions at all. All of Article 11 of N.C.G.S § 160A was repealed by the General Assembly the following year and replaced with Chapter 40A. These revisions to the statutes on eminent domain refer specifically to the landowner's right to pursue injunctive relief. For example, N.C.G.S. § § 40A-28(g) and 40A-42(f), which set forth the procedures, plainly state that "[t]he provisions of this section shall not preclude or otherwise affect any remedy of injunction available to the owner or the condemnor." None of the cases relied upon by the majority mentions this section. It appears, therefore, that the General Assembly, in revising this chapter of the statutes, clearly intended to preserve the rights of all parties to pursue injunctive relief.

Further, in *Yandle*, the plaintiff's claim was not dismissed upon a Rule 12(b)(6) motion. Rather, the appeal followed a full trial on the merits. Here, the plaintiffs' allegations in their complaint are sufficient to set forth a claim for injunctive relief, and, consistent with the revised statute, I would reverse and remand for further proceedings.