SCOTLAND COUNTY, PLAINTIFF-APPELLEE v. GILBERT P. JOHNSON, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF MARY PATTERSON JOHNSON; JAMES E. JOHNSON, JR., INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF MARY PATTERSON JOHNSON; IRENE D. SANN JOHNSON, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF HERVEY MCNAIR JOHNSON; ESTATE OF MARY PATTERSON JOHNSON; ESTATE OF HERVEY MCNAIR JOHNSON, DEFENDANT-APPELLANTS

No. COA98-275

(Filed 29 December 1998)

**1. Appeal and Error— appealability—condemnation action**

In an action arising from the condemnation of property for a landfill, the trial court's order granting judgment for the county on all issues except compensation was immediately appealable.

**2. Eminent Domain— condemnation for landfill—pre-suit notice—purpose and amount of property**

The trial court did not err in an action arising from the condemnation of property for a landfill by ruling that the County had complied with the procedural requirements for exercising its powers of eminent domain where defendant contended that the complaint and pre-suit notice were fatally inconsistent. There is no fatal inconsistency between the notice and complaint as long as the original purpose remains, even if additional or different uses are considered.

**3. Eminent Domain— condemnation for landfill—public use or benefit**

In an action arising from a condemnation for a landfill, the purposes stated in the pre-suit notice under N.C.G.S. § 40A-40 were public purposes where the notice stated that its intention or purpose was enlargement and improvement of the landfill. Although defendants assert that the County's plan to use their land for the mining of soil material and for a buffer zone were not authorized by statute because the buffer zone was not required and mining defendants' land for soil was an economic decision, all that is required in the pre-suit notice is a statement of purpose and the stated purpose in this case is recognized as a public enterprise by N.C.G.S. § 153A-274(3).

**4. Eminent Domain— condemnation for landfill—purposes stated in complaint but not in notice**

The trial court did not err in an action arising from the condemnation of a landfill by considering additional uses of the condemned land stated in the complaint but not in the pre-suit notice because the uses corresponded with the stated public purpose in the notice of expanding and improving the landfill.

**5. Eminent Domain— condemnation for landfill—purposes not stated in pre-suit notice or complaint**

The trial court did not err in a condemnation action for a landfill where defendants alleged that the court considered purposes not stated in either the pre-suit statutory notice or the complaint. The court concluded that the taking was for the valid purpose of improving the landfill and the proposed uses all corresponded to that stated purpose.

**6. Eminent Domain— condemnation for landfill—fair and careful consideration of the evidence**

The trial court conducted a fair hearing and considered all of the evidence in an action for condemnation of property for a landfill.

**7. Eminent Domain— condemnation for landfill—counterclaims for trespass, conversion and removal of timber**

The trial court correctly denied defendants permission to amend their complaint in an action arising from condemnation of property for a landfill where defendants sought to counter-

claim for trespass and conversion based upon wrongful removal of timber.

Appeal by defendants from judgment entered 26 September 1997 by Judge William C. Gore, Jr. in Scotland County Superior Court. Heard in the Court of Appeals 26 October 1998.

The defendants own land in Scotland County, North Carolina, that is adjacent to a landfill owned by Scotland County ("the County"). The parties negotiated for the purchase of defendants' land by the County but were unable to come to an agreement on price. On 29 March 1996 the County served a Notice of Condemnation ("the Notice") containing a general description of the property, an estimate of just compensation for the property, and a statement that the continued operation of the landfill was "necessary to promote and protect the safety, health, and welfare of our citizenry," and that it was necessary to condemn property adjoining the landfill. The notice also stated that the purposes for the property were the establishment of a 300-foot "buffer zone" and the mining of soil material for construction of an "improved 'cap' " on the existing landfill.

On 20 September 1996 the County filed this condemnation action pursuant to G.S. 40A-40 by filing a complaint condemning the property and by depositing with the Scotland County Clerk of Court $48,000.00, the amount of estimated just compensation for the property. The complaint sought to condemn approximately 40 acres and listed four purposes for the property, including two not stated in the notice: use as an industrial waste site and use as a yard waste facility. Defendants answered on 22 January 1997 denying that the taking was for a public purpose and requesting injunctive relief. On 2 April 1997 defendants amended their answer to include counterclaims for trespass and conversion based upon the County's entry upon the property and removal of timber.

On 14 July 1997 the County filed a Motion For Determination of Issues Other Than Damages. A hearing was held 10 and 11 September 1997. On 26 September 1997 the trial court entered judgment in favor of the County. The trial court found that the Notice was sufficient to comply with the requirements of G.S. 40A-40; that the County was condemning the property for a public purpose; and that because the County had good title to the property by virtue of the condemnation, defendants were not entitled to amend their answer and assert counterclaims for trespass and conversion. Defendants appeal.

SCOTLAND COUNTY v. JOHNSON

[131 N.C. App. 765 (1998)]

*Poyner & Spruill, L.L.P., by Charles T. Lane, J. Nicholas Ellis and Gregory S. Camp, and Edward H. Johnston, Jr., Scotland County Attorney, for plaintiff-appellee.*

*Kitchin, Neal, Webb & Futrell, P.A., by Henry L. Kitchin and Stephan R. Futrell, for defendant-appellants.*

EAGLES, Chief Judge.

I

**[1]** We first address whether the judgment is immediately appealable. Both the defendants and the County contend that in condemnation actions judgments on all issues except compensation are immediately appealable. *Board of Education of Hickory v. Seagle,* 120 N.C. 566, 568, 463 S.E.2d 277, 279 (1995), *disc. review allowed,* 342 N.C. 652, 467 S.E.2d 706, *disc. review improv. granted,* 343 N.C. 509, 471 S.E.2d 63 (1996). We agree and hold that the trial court's order granting judgment for the County on all issues except compensation is immediately appealable.

II

**[2]** We next consider whether the County complied with G.S. 40A-40 regarding pre-suit notice. G.S. 40A-40 requires that pre-suit notice must contain a description of the property to be taken and a statement of the purpose for which the property is being condemned. Defendants contend that the complaint and pre-suit notice were fatally inconsistent because the complaint included purposes not stated in the notice. Additionally, the complaint sought to condemn 40 acres, whereas plaintiffs allege that before the suit the County only sought to condemn 28 acres. Defendants argue that because of these inconsistencies, the County's pre-suit notice failed and the trial court erred in ruling that the County had complied with the procedural requirements for exercising its powers of eminent domain.

The County contends that the purpose for which the property was condemned has always been to extend, enlarge and improve the landfill. The County argues that the Notice states that the County needed to take the property in order to extend, enlarge and improve the landfill by extending buffer zones and using soil materials to construct an improved cap on the existing landfill. The County argues that the two additional uses stated in the complaint also were for the purpose of extending, enlarging and improving the landfill. Accordingly, the

## SCOTLAND COUNTY v. JOHNSON

[131 N.C. App. 765 (1998)]

County argues that there is no fatal inconsistency, because the purpose of condemning the land has not changed. The County argues that over time, "it is inevitable that refinements and changes in public planning will provide additional uses for property originally condemned for another use. So long as the original public purpose remains, the legislature could not have intended that the condemnor must issue new notices and complaints and wait another six months or more before condemning property." Additionally, the County argues that there is no mention in the record of the County taking only 28 acres, so there is no inconsistency regarding the amount of the property being condemned. Accordingly, the County argues that they have substantially complied with G.S. 40A-40.

After careful review of the record, briefs and contentions of the parties, we affirm. G.S. 40A-40 requires that notice of condemnation action must "state the purpose for which the property is being condemned." There are no North Carolina cases or statutes detailing the specificity with which the notice must state the "purpose" of the condemnation. However, while the statute does require that the notice state the "purpose" of the action, it does not require the condemnor to state each and every intended "use" of the condemned property. This distinction is crucial. "Purpose" is not defined by statute. Webster's Dictionary defines "purpose" as "something set up as an object or end to be attained: intention." *Webster's Ninth New Collegiate Dictionary* 957 (1985). Webster's Dictionary defines "use" as "a method or manner of employing or applying something." *Id.* at 1299. A "use" is a step in furtherance of a "purpose." G.S. 40A-40 only requires the "purpose" of the condemnation to be stated in the notice, and does not require a public condemnor to state the additional step of the "uses" for which the property is taken.

The County's notice states its intention or purpose as enlargement and improvement of the landfill. An examination of the complaint reveals that the original purpose or intention for the condemnation action remains: enlargement and improvement of the landfill. The County's contention is persuasive that as long as the original "purpose" remains, there is no fatal inconsistency between the notice and the complaint, even if additional and/or different "uses" are considered. Additionally, both the notice and the complaint describe the area being taken as 40 acres. Accordingly, we hold that there is no fatal inconsistency and that the County has substantially complied with the provisions of G.S. 40A-40. The assignment of error is overruled.

III

**[3]** We next consider whether the County's original purposes as stated in the Notice were for the public use or benefit. Defendants argue that the statutes do not authorize a county to condemn for the purpose of mining soil material. Defendants assert that the County's plan to use defendants' land "was an economic, proprietary decision" and that "[t]he County chose to use dirt from the Johnson's land, because it was cheaper." Defendants argue that the eminent domain statutes should be strictly construed in order to promote the public policy of encouraging private sector activity in solid waste handling. Defendants next argue that the second alleged purpose, the 300-foot buffer zone, fails as a matter of law because no such buffer is required.

The County initially argues that the stated purposes for the condemnation, to extend, enlarge and improve the landfill, are clearly for the public benefit and are recognized by statute. G.S. 153A-274(3). The County then argues that even if the methods stated in the notice must themselves be for the public use and benefit, it is clear from the record that the uses are intended public uses. The County first argues that although not required by law, the additional buffer zone is necessary to protect its citizens from ground water contamination and to protect the County from potential liability. The County asserts that rarely is condemnation mandatory, but that most condemnations occur to develop a project valued by the community. The County argues that the buffer zones were essential to the continued operation of the landfill and the health and safety of its citizens, and that the record supports the finding that the condemnation was for a public purpose. Second, the County argues that condemnation for the excavation of soil material is a public purpose. Additionally, the County argues that nowhere in the record is there any evidence that the dirt from defendants' property is cheaper, and that there is no support for the contention that the use of the property is a proprietary function. Finally, the County contends that they intend to use the soil materials for placement of a new impermeable cap over the landfill, a use that is clearly for the public use and benefit.

In part II, supra, we found that all that is required in the pre-suit notice is a statement of purpose, and more specific notice of public uses for the condemned property is not required. The stated purpose of the condemnation in the Notice is the enlargement and improvement of the landfill. This purpose is recognized as a "public enter-

prise" by G.S. 153A-274(3). Accordingly, we hold that the purposes stated in the Notice were public purposes. The assignment of error is overruled.

## IV

[4] We next consider whether the trial court erred in considering purposes stated in the Complaint but not in the Notice and finding that they were for the public use or benefit. Defendants first assert that the new "purposes" stated in the Complaint "should have been ignored as a matter of law" because they were not included in the Notice. Defendants additionally argue that to the extent that the trial court considered the additional purposes set out in the Complaint, "the trial court either misunderstood or gave improper weight to the evidence" that the uses were for a public purpose. The "additional purposes" were use as an industrial waste site or as a yard waste facility. Defendants contend the evidence shows that the County never had an actual intent to use the land for depositing industrial or yard waste. Defendants assert that the "intent" was never mentioned in pre-suit letters, and the County has not submitted an application for use of the land for waste deposit as required by state regulation. Defendants argue that because the County never considered these new "purposes" before suit, it never had any course of reasoning or judgment as to those "purposes." Accordingly, defendants argue that the County's actions were arbitrary and capricious.

The County argues that the property was condemned for extending, enlarging and improving the landfill. This purpose was stated in both the notice and the complaint. The additional uses set out in the complaint correspond with the stated purpose. The County argues that "it simply makes no sense for the law to require a reinitiation of condemnation proceedings every time an additional use for condemned property was considered." Additionally, the County argues that the evidence shows their intent to use the condemned property for these additional public uses. We agree and affirm.

The trial court did not err in considering the additional uses of the condemned land stated in the complaint because the uses corresponded with the stated public purpose in the notice of expanding and improving the landfill. See part II, supra. Additionally, there was evidence that the County was using the condemned property as a yard waste landfill at the time of hearing and intended to continue using the property in that manner. There is also evidence that the County had intended to use the property as an industrial waste site

when the complaint was filed. Accordingly, the assignment of error is overruled.

## V

[5] We next consider whether the trial court erred in considering purposes not stated in either the Notice or complaint. Defendants contend that the trial court abused its discretion in considering these additional "purposes." Additionally, defendants argue that these additional "purposes" were not for the public use or benefit. First, defendants argue that the trial court erred in finding that the County was "extending the landfill," because the evidence is contradictory of such an intent. Second, defendants contend that the trial court erred in finding that the plan to cap the landfill was a public use because there was no such plan. Third, defendants argue that the trial court erred in permitting the County to condemn a "grossly excessive" amount of defendants' property. Fourth, defendants argue that the trial court's adoption of the County's fears about contamination and gas migration was erroneous because there was no evidence to support the fears. Defendants contend that these "theoretical concerns" were a mere pretext for the County's real purpose, to mine the defendants' land for cheap dirt. Finally, defendants argue that even if the trial court did properly consider the "theoretical" gas and water migration problems, the trial court abused its discretion in failing to find that those same problems affected the uncondemned portion of defendants' land.

The County argues here too that although additional uses were considered in the year and a half that elapsed from the time of notice until the hearing, the uses still correspond with the original stated purpose of extending the life and the size of the landfill. The County states that the evidence supports that the planned uses are compatible with the land's use as a buffer zone, and the evidence is clear that an improved cap will be placed on the landfill. The County further argues that the condemnation was not arbitrary or capricious and that there has been no abuse of discretion. Accordingly, the extent of the taking is not reviewable. Finally, as to defendants' final contention, the County argues that defendants are describing an action for inverse condemnation which cannot be raised in a hearing pursuant to G.S. 40A-47.

After careful review of the record, briefs and contentions of the parties, we affirm. First, the trial court concluded that the taking was for the valid purpose of improving the landfill. The County's proposed

**SCOTLAND COUNTY v. JOHNSON**

[131 N.C. App. 765 (1998)]

uses all correspond to the stated purpose of improving the land-fill. Furthermore, the County gave notice of its intention to construct an improved cap and enlarge the buffer zone in both the Notice and the complaint. Second, on this record there is evidence of justification for the County's decision to condemn the property, and defendants have not proven that the County's actions were arbitrary and capricious or an abuse of discretion. Accordingly, the extent of the taking is not subject to review. *City of Charlotte v. Cook*, 348 N.C. 222, 225, 498 S.E.2d 605, 607-08 (1998) (citations omitted). Third, while gas and water migration was not a concern raised by the pleadings, the additional use of the buffer zone to provide protection against migration, evidence of which was in the record, is an additional benefit of a public use already raised in the complaint. Finally, defendants' argument describes an action for inverse condemnation. The trial court did not abuse its discretion in not considering this argument because this issue was not raised by the pleadings and was not appropriate for hearing pursuant to G.S. 40A-47. The assignment of error is overruled.

VI

[6] We now consider whether the trial court failed to give fair and careful consideration to the evidence. Defendants argue that the trial court ignored the defendants' evidence and had prepared its findings and conclusions before all of the evidence had been presented. Defendants also contend that the trial judge attempted to insure that the testimony supported the findings he intended to make by interrupting examination and advising and leading witnesses.

The County contends that the trial judge conducted a fair hearing. The County argues that the trial judge did not interrupt defendants any more than he did the County's attorney, and that the interruptions were made either for clarification or to expand on an issue raised by the witness's testimony. The County asserts that the trial judge's ability to render findings and conclusions so quickly was not the result of bias, but due to the fact that all of the evidence and witnesses indicated the condemnation was for the public use and benefit.

After a careful review of the record, we are not persuaded that the trial court failed to conduct a fair hearing or consider all of the evidence. The evidence is sufficient to support the trial court's findings of fact and the trial court's findings of fact support its conclusions of law. The assignment of error is overruled.

## VII

[7] We last consider whether the defendants' counterclaims for trespass, conversion and wrongful removal of timber should be heard. Defendants argue that because the County's notice fails, the Court should remand for hearing on the defendants' counterclaims for trespass, conversion and wrongful removal of timber. Defendants also contend that their answer specifically sought an injunction so, under G.S. 40A-42(a), title did not vest immediately in the County, and they did not have the right to remove timber. Defendants additionally contend that although technically no action for injunctive relief was filed, they could not seek pre-suit relief against actions about which the County did not give notice, and their answer sought injunctive relief in the same manner as a separate action. Accordingly, defendants contend that amendment to the complaint should have been allowed.

The County argues that it complied with the statutory requirements for condemnation proceedings and the taking was for the public use and benefit. The County asserts that pursuant to G.S. 40A-9, the defendants must request permission from the County to remove timber, and there is no request on the record. Accordingly, the County argues that the defendants are merely entitled to compensation. Additionally, the County asserts that defendants were not entitled to an injunction because they did not file for one prior to the filing of the complaint, although defendants had 5 months in which to do so. The County argues that defendants are not entitled to seek the relief they ask for in their answer.

The assignment of error is overruled based on our determination in part II, supra, that the County complied with the statutory requirements for notice. Additionally, G.S. 40A-42 states that "[u]nless an action for injunctive relief *has been initiated*, title to the property . . . together with the right to immediate possession thereof, shall vest in the condemnor upon the filing of the complaint and the making of the deposit in accordance with G.S. 40A-41." (Emphasis added). Defendants did not file an action for injunctive relief before the complaint here was filed. Accordingly, title to the property vested and the County had the right to take immediate possession when they filed the complaint and deposited the estimated just compensation. The trial court correctly denied defendants' permission to amend their complaint.

In conclusion, we hold that the trial court did not err in determining that the County has substantially complied with the statutory

requirements for condemning defendants' property and that the taking was for a public purpose.

Affirmed.

Judges WALKER and TIMMONS-GOODSON concur.