J. REED FISHER, JUNE C. FISHER, ROBERT S. THOMAS, MARY ANN S. THOMAS, JOSEPH HENRY JENKINS, JENNY COOKE JENKINS, GRANBY PROPERTIES, INC., JOSEPH G. FIVEASH, JR., TRUSTEE, ALICE JANE FIVEASH, TRUSTEE, CALVERT T. LESTER, HARRY LESTER, KATHERINE W. KITTRELL, ROBERT G. KITTRELL, JR., KATHERINE K. KERNS, TRENT S. KERNS, ROBERT G. KITTRELL, III, MEREDITH F. KITTRELL, DOROTHY O. READ, J. LLOYD HORTON, CAROLYN R. HORTON, NANCY FOREMAN SILVER, TRUSTEE, WINKIE SILVER, SOPHIE FOREMAN JORDAN, TRUSTEE; DANNY JORDAN, EDLA FOREMAN STEVENS, TRUSTEE, BILL STEVENS, JOHN W. FOREMAN, JR., TRUSTEE, HUGH L. PATTERSON, ANN PATTERSON SCOTT, PHILIP A. ROBERTS, JR., RUTH P. ROBERTS, JOHN H. HIGH, CAROLINE H. HIGH, VERNA'S COTTAGE, LLC, GRIZELLE B. FEARING, JOHN H. HALL, JR., ELIZABETH G. HALL, FRED M. DUNSTAN, III; DEBBIE L. HILL, WILLIAM HAILIN SKINNER, JR., FRED P. WOOD, JR., ELAINE W. WOOD, ELIZABETH W.J. PARRISH AND MELLON BANK, N.A., TRUSTEE, INDIVIDUALLY AND ON BEHALF OF ALL SIMILARLY SITUATED OCEANFRONT LANDOWNERS IN THE TOWN OF NAGS HEAD, PLAINTIFFS v. TOWN OF NAGS HEAD, DEFENDANT

COA11-1140

(Filed 15 May 2012)

**Easements—eminent domain—sufficient compensation— sufficient notice—public trust doctrine not violated**

The trial court did not err in an easement and eminent domain case by granting defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Rules of Civil Procedure. Defendant adequately estimated that the benefit received from the project was sufficient compensation and the issue of whether that was reasonable was more properly left for the condemnation hearing. Further, defendant's notice to plaintiffs was sufficient to meet the requirements of N.C.G.S. § 40A-40 and otherwise did not prejudice plaintiffs. Moreover, defendant did not violate the public trust doctrine by asserting its rights of eminent domain.

Appeal by plaintiffs from order entered 2 June 2011 by Judge J.C. Cole in Dare County Superior Court. Heard in the Court of Appeals 21 February 2012.

*Vandeventer Black LLP, by Norman W. Shearin, Wyatt M. Booth, and Kevin A. Rust, for plaintiff-appellant.*

*Hornthal, Riley, Ellis & Maland, LLP, by L.P. Hornthal, Jr., John D. Leidy, and Benjamin M. Gallop, for defendant-appellee.*

McCULLOUGH, Judge.

J. Reed Fisher, et al., (collectively "plaintiffs") appeal from the trial court's granting of the Town of Nags Head's ("defendant's") motion for judgment on the pleadings pursuant to N.C.R. Civ. P. 12(c) (2011). For the reasons discussed herein, we affirm the order of the trial court.

## I. Background

Plaintiffs are oceanfront property owners along the Atlantic Ocean in Nags Head, North Carolina. Defendant has proposed a one-time beach nourishment project (the "project") over a ten-mile stretch, which would affect plaintiffs' properties. The project would involve the depositing of additional sand on the beach with a projected advancement in the shoreline of "anywhere from 50 to 125 feet."

On 14 January 2011, plaintiffs received correspondence (the "correspondence") from defendant seeking a voluntary easement across their respective properties for the implementation of the project. The correspondence threatened to obtain the easements by eminent domain should plaintiffs not voluntarily sign the request. It purported to also be a notice of condemnation pursuant to Chapter 40A of the North Carolina General Statutes. The notice aspect of the correspondence, in relevant part, states:

> It is critical that you sign the easement. The project's success relies on a stable, continuous deposit of sand. If you do not sign the enclosed easement and return it by February 18, 2011, you are hereby notified pursuant to North Carolina General Statute 40A-40 that the Town intends to condemn, by eminent domain, the necessary easement rights. The Town estimates that no compensation to the owners is required for the interest sought. The Town will file a condemnation action for the easement area on your property as soon as practical after said date. The condemnation action would be for a purpose as to which title to the easement interest would immediately vest in the Town when the complaint is filed to institute the action to condemn, pursuant to North Carolina General Statutes 40A-42.

> You have the right to file for injunctive relief and to answer the complaint after it has been filed. You should consult with an attorney regarding your rights.

Plaintiffs contend the voluntary easement, on its face, would have transferred rights to defendant over and beyond those necessary for the project or that otherwise could be lawfully obtained through

eminent domain. On 16 February 2011, two days before the date to return the request for voluntary easement, plaintiffs initiated the present suit seeking to enjoin defendant in advance of its exercise of eminent domain. The complaint alleges insufficiencies in the notice and violations of plaintiffs' constitutional rights. The complaint also asserted a class action, but plaintiffs voluntarily withdrew the Motion to Certify Class. Defendant subsequently filed its motions to dismiss and strike, as well as its answer, on 21 March 2011. Defendant also filed a motion for judgment on the pleadings on 24 March 2011, pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure. The trial court held a hearing on the motion on 25 April 2011 and ultimately granted the motion by order dated 2 June 2011. Plaintiffs appeal.

## II. Analysis

At issue in this case is whether the trial court correctly granted defendant's motion for judgment on the pleadings pursuant to N.C.R. Civ. P. 12(c). Specifically, plaintiffs contend their constitutional rights were violated by defendant's failing to offer just compensation for the voluntary easements and that defendant's notice was otherwise deficient. We disagree.

We review the granting of a motion for judgment on the pleadings pursuant to Rule 12(c) *de novo. Toomer v. Branch Banking & Tr. Co.*, 171 N.C. App. 58, 66, 614 S.E.2d 328, 335 (2005). As in a 12(b)(6) motion, our Court "must accept the allegations in plaintiffs' complaint as true." *Thompson v. Town of Warsaw*, 120 N.C. App. 471, 473, 462 S.E.2d 691, 692 (1995). The granting of a motion for judgment on the pleadings is proper where the pleadings fail to reveal any material issue of fact with only questions of law remaining. *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974). Furthermore, it "is not favored by law and the trial court is required to view the facts and permissible inferences in the light most favorable to the nonmovant." *Carpenter v. Carpenter*, 189 N.C. App. 755, 762, 659 S.E.2d 762, 767 (2008). "The rule's function is to dispose of baseless claims or defenses when the formal pleadings reveal their lack of merit." *Ragsdale*, 286 N.C. at 137, 209 S.E.2d at 499.

Plaintiffs raise an initial issue that the trial court and this Court should not consider the exhibits attached to defendant's answer because it is well-settled that "a document attached to the moving party's pleading may not be considered in connection with a Rule 12(c) motion unless the non-moving party has made admissions regarding the document." *Weaver v. Saint Joseph of the Pines, Inc.*,

187 N.C. App. 198, 205, 652 S.E.2d 701, 708 (2007). If the trial court considered matters outside the pleadings in reaching its decision, defendant's motion could not be disposed of under Rule 12(c), "but rather was converted into a motion for summary judgment under Rule 56." *Id.* at 205, 652 S.E.2d at 707. However, we cannot tell from the pleadings, or the trial court's order, whether or not the trial court incorrectly considered the exhibits attached to defendant's answer, other than the correspondence attached as Exhibit 1 which plaintiffs made admissions to in their complaint. "The trial court is not required to specify its reason for allowing a motion for judgment on the pleadings." *Wilson v. Development Co.*, 276 N.C. 198, 207, 171 S.E.2d 873, 879 (1970). Thus, we shall not, and the trial court correctly did not, consider the other exhibits attached to defendant's answer. We will, therefore, address this case as the trial court's granting of a Rule 12(c) motion for judgment on the pleadings.

Plaintiffs first argue defendant violated their constitutional rights by failing to offer just compensation for the proposed voluntary easements. "When private property is taken for public use, just compensation must be paid. . . . While the principle is not stated in express terms in the North Carolina Constitution, it is regarded as an integral part of the law of the land within the meaning of Art. I, Sec. 17." *Sale v. Highway Commission*, 242 N.C. 612, 617, 89 S.E.2d 290, 295 (1955) (internal quotation marks and citation omitted). Consequently, plaintiffs sought injunctive relief pursuant to N.C. Gen. Stat. § 40A-42(a)(2), (f) (2011), to enjoin defendant from taking their private property without offering just compensation. A party may seek injunctive relief prior to the bringing of an action for condemnation where there is a deficient notice. *Nelson v. Town of Highlands*, 358 N.C. 210, 210, 594 S.E.2d 21, 22 (2004), *adopting dissenting opinion in*, 159 N.C. App. 393, 583 S.E.2d 313 (2003) (Hudson, J. dissenting). A notice for condemnation

> shall contain a general description of the property to be taken and of the amount estimated by the condemnor to be just compensation for the property to be condemned. The notice shall also state the purpose for which the property is being condemned and the date condemnor intends to file the complaint.
>
> (b) In the case of a condemnation action to be commenced pursuant to G.S. 40A-42(a), the notice required by subsection (a) of this section shall substantially comply with the following requirements:

> (1) The notice shall be printed in at least 12 point bold legible type.
>
> (2) The words "Notice of condemnation" or similar words shall conspicuously appear on the notice.
>
> (3) The notice shall include the information required by subsection (a) of this section.
>
> (4) The notice shall contain a plain language summary of the owner's rights, including:
>
>> a. The right to commence an action for injunctive relief.
>>
>> b. The right to answer the complaint after it has been filed.
>
> (5) The notice shall include a statement advising the owner to consult with an attorney regarding the owner's rights.
>
> An owner is entitled to no relief because of any defect or inaccuracy in the notice unless the owner was actually prejudiced by the defect or inaccuracy, and the owner is otherwise entitled to relief under Rules 55(d) or 60(b) of the North Carolina Rules of Civil Procedure or other applicable law.

N.C. Gen. Stat. § 40A-40 (2011). This statute must be strictly construed. *State v. Club Properties*, 275 N.C. 328, 336, 167 S.E.2d 385, 390 (1969). Plaintiffs contend the notice failed to give a reasonable estimate of just compensation, a reasonable notice of the condemnation, a proper description of the property to be taken, and that otherwise plaintiffs suffered prejudice.

The law regarding just compensation "imposes upon a governmental agency taking or appropriating private property for public use a correlative duty to make just compensation to the owner of the property appropriated." *Sale*, 242 N.C. at 617, 89 S.E.2d at 295. Furthermore, "[i]n this State when a person has been deprived of his private property for public use nothing short of actual payment, or its equivalent, constitutes just compensation." *Id.* at 618, 89 S.E.2d at 296. Plaintiffs rely on this statement for the contention that defendant's estimate of no compensation is inadequate and ludicrous because a monetary value is always necessary. However, we cannot find any case law requiring the providing of monetary compensation and moreover, the statement from above includes the language, "or

its equivalent." *Id.* Defendant argues plaintiffs are not entitled to monetary compensation due to the benefits plaintiffs will receive from the additional expanse of beach resulting from the project. We believe the value of the additional land could be considered an equivalent to "actual payment." *Id.* Nonetheless, the correct value of just compensation is an issue more adequately resolved in the condemnation proceeding and not for the preliminary injunctive issues of whether the notice was sufficient. Thus, we believe plaintiffs' argument that a lack of monetary compensation warrants injunctive relief is misplaced as the case law allowing a claim for injunctive relief seems to apply to situations involving deficient notice and other allegations. *See Nelson,* 159 N.C. App. at 394, 583 S.E.2d at 314, *overruled on other grounds by* 358 N.C. 210, 594 S.E.2d 21 (2004). As a result, we will turn to the issue of whether or not defendant provided sufficient notice as that is plaintiffs' other significant argument.

Plaintiffs contend any issues regarding the sufficiency of defendant's notice are issues of fact adequate to survive a Rule 12(c) motion and better left for a jury to resolve. However, we believe the issue of whether or not defendant satisfied the notice requirements of N.C. Gen. Stat. § 40A-40 is a question of law for us to interpret. Plaintiffs first take issue with defendant's estimate of just compensation for the property to be condemned. They argue defendant is required to give an estimate and constitutionally required to provide just compensation. *Club Properties,* 275 N.C. at 334, 167 S.E.2d at 388. In arguing so, plaintiffs claim that an estimate of zero does not constitute an estimate at all. Furthermore, they allege "the Town has not obtained appraisals of the property rights to be acquired or otherwise estimated fair market value." Nevertheless, we see no authority requiring that defendant obtain appraisals prior to giving its estimate of just compensation to satisfy the notice requirement. Defendant is within its rights to estimate that it does not owe plaintiffs monetary compensation due to the benefits plaintiffs will receive from the project. Otherwise, the issue is one for a jury to resolve in the condemnation proceedings. This Court has addressed the sufficiency of the notice pursuant to N.C. Gen. Stat. § 40A-40 in two cases and in neither have we held that defendant's estimate must be reasonable in plaintiffs' eyes. *See Scotland County v. Johnson,* 131 N.C. App. 765, 769, 509 S.E.2d 213, 215-16 (1998); *Catawba Cty. v. Wyant, 197* N.C. App. 533, 541, 677 S.E.2d 567, 572-73 (2009). We believe the issue of whether the estimate of just compensation is proper is better left to the condemnation hearing and as a result we hold that defendant's estimate of no compensation adequately satisfies the notice requirement.

Plaintiffs next argue defendant did not provide sufficient notice of its intent to condemn the property should plaintiffs decline to sign the requests for voluntary easement. The alleged notice was provided on the second page of the correspondence within a paragraph set off in boldface type. The notice properly cites to the statute regarding the condemnation procedure. *See* N.C. Gen. Stat. § 40A-42. N.C. Gen. Stat. § 40A-40(b)(2), however, requires that "[t]he words 'Notice of condemnation' or similar words shall conspicuously appear on the notice." While the words were not on the first page in capital letters, the second page did contain in boldface type the language, "you are hereby notified pursuant to North Carolina General Statute 40A-40 that the Town intends to condemn, by eminent domain, the necessary easement rights." Moreover, plaintiffs seem to have understood the notice by filing this action for injunctive relief on 16 February 2011, two days before the 18 February 2011 deadline after which the condemnation action would be filed. Plaintiffs additionally argue that they were prejudiced by the inconspicuousness of the notice in arguing that defendant's "real purpose [was] to coerce Plaintiffs into conveying property rights without being paid for those rights[.]" Although the notice may not have been as conspicuous as required by the statute, we cannot find that plaintiffs were prejudiced by the notice being on the second page as they were able to ascertain its meaning and file this action prior to the deadline.

Plaintiffs also argue the notice was deficient in that it lacked a proper description of the property to be taken. The general description provided in the notice described the property as that which "lies waterward of the following locations, whichever is most waterward: the Vegetation Line; the toe of the Frontal Dune or Primary Dune; or the Erosion Escarpment of the Frontal Dune or Primary Dune." Furthermore, attached to the correspondence was a document describing the "Easement Area" and referring plaintiffs to N.C. Admin. Code tit. 15A, r. 07H.0305 (2011), which defines the terms used in the general description. The correspondence also referred to the PIN Number and Tax Parcel for each plaintiffs' particular piece of property.

Plaintiffs contend the notice must either describe the property with specificity or reference must be made to a survey. *In re Simmons*, 5 N.C. App. 81, 85, 167 S.E.2d 857, 860 (1969). In *Simmons* this Court held that the description "must be such that a surveyor could locate the parcel described without the aid of extrinsic evidence." *Id.* (citation omitted). It is difficult to describe a piece of property with speci-

ficity which can change with the fluctuation of the tides, but the description of the "Easement Area" utilizes terms that are well defined in the referenced portion of the Administrative Code, such that a surveyor with experience in oceanfront properties could accurately determine the "Easement Area." The seaward boundary has been determined to be the "mean high water mark," N.C. Gen. Stat. § 77-20(a) (2011), and can be located by natural indicators and observation. *Webb v. N.C. Dept. of Envir., Health, and Nat. Resources*, 102 N.C. App. 767, 771-72, 404 S.E.2d 29, 32 (1991). Due to the peculiarity of dealing with oceanfront property, we believe defendant's description of the "Easement Area" was sufficient for plaintiffs to determine the requested property, or at least for a hired surveyor to locate.

Plaintiffs make one final argument in regard to N.C. Gen. Stat. § 40A-40, in that they were actually prejudiced by defendant's deficiencies in the notice. Plaintiffs first make the same argument as above that the lack of just compensation caused them to be prejudiced, but this cannot be the case as they will have the opportunity to litigate the issue at the condemnation hearing. Plaintiffs next raise another similar argument as above, that potential plaintiffs who actually signed the voluntary easement request without defendant having provided an appraisal were prejudiced because defendant coerced those plaintiffs into thinking their potential loss in property contained no value. Unfortunately, as stated above, we believe this argument is meritless, mainly due to the fact that these "potential" plaintiffs are not involved in the current action and we cannot take their situations into consideration. Plaintiffs finally claim that defendant's deficient description of the property left them with little choice but to file the current action because they could not tell which property defendant intended to take. Again, this argument is completely meritless. We have already held the description to be sufficient. Consequently, plaintiffs' claims of prejudice are dismissed.

Plaintiffs' final argument is that defendant has no right or standing to assert public trust rights. "The public trust doctrine is a common law principle providing that certain land associated with bodies of water is held in trust by the State for the benefit of the public." *Fabrikant v. Currituck Cty.*, 174 N.C. App. 30, 41, 621 S.E.2d 19, 27 (2005). Thus, plaintiffs contend that the State, in its sovereign capacity, and not defendant, may assert rights in private property by means of the public trust doctrine. *Id.* However, plaintiffs neglect to consider N.C. Gen. Stat. § 40A-3(b1)(10) (2011), when contending that the public trust doctrine prevents defendant from asserting any rights

of eminent domain over the beaches. Our General Assembly has authorized oceanfront municipalities to exercise the power of eminent domain when

> [e]ngaging in or participating with other governmental entities in acquiring, constructing, reconstructing, extending, or otherwise building or improving beach erosion control or flood and hurricane protection works, including, but not limited to, the acquisition of any property that may be required as a source for beach renourishment.

*Id.* Consequently, the State has granted defendant the authority to assert its eminent domain powers over certain parts of plaintiffs' property for the purpose of the project. Furthermore, the public trust doctrine does not preclude defendant from going forth with the project and to the extent defendant argues it has authority to take action under that doctrine, its argument is misplaced. *See Town of Nags Head v. Cherry, Inc.*, No. COA11-93, 2012 WL 540742 (N.C. App. Feb. 21, 2012). Nevertheless, we recognize that the powers of eminent domain constitute a distinct body of law and are routinely exercised by municipalities and other subordinate legal entities.

### III.  Conclusion

Plaintiffs' claim for injunctive relief fails for two reasons. First, defendant's decision to estimate that no compensation was required does not violate plaintiffs' constitutional rights requiring just compensation because defendant adequately estimated that the benefit received by the project was sufficient compensation and the issue of whether that is reasonable is more properly left for the condemnation hearing. Secondly, defendant's notice, as provided to plaintiffs, was sufficient to meet the requirements of N.C. Gen. Stat. § 40A-40 and otherwise did not prejudice plaintiffs due to their ability to file the current action and have a surveyor accurately locate the requested property. Moreover, defendant has not violated the public trust doctrine by asserting its rights of eminent domain as bequeathed to it by our state legislature. As a result, we affirm the trial court's granting of defendant's motion for judgment on the pleadings pursuant to Rule 12(c).

Affirmed.

Judges STEELMAN and GEER concur.