An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1085
NORTH CAROLINA COURT OF APPEALS

Filed: 5 August 2014

JAMES HOWARD GARREN, JR.,
      Plaintiff

v.                                        Buncombe County
                                          No. 11 CVS 6276
BECKY L. WATTS a/k/a SUNNY
WILLIAMS and husband, NEIL
WILLIAMS, ANTHONY GARREN, and
KIM GARREN,
      Defendants


      Appeal by defendants Becky L. Watts a/k/a Sunny Williams

and Neil Williams from order entered 3 June 2013 by Judge Mark

E. Powell in Buncombe County Superior Court.  Heard in the Court

of Appeals 6 February 2014.


      *Burt Langley, P.C., by Katherine Langley, for defendant-
      appellants Becky L. Watts a/k/a Sunny Williams and Neil
      Williams.*

      *Adams Hendon Carson Crow & Saenger, P.A., by Matthew S.
      Roberson and George W. Saenger, for plaintiff-appellee and
      defendant-appellees Anthony Garren and Kim Garren.*


      CALABRIA, Judge.


      Becky L. Watts a/k/a Sunny Williams ("Watts") and her

husband Neil Williams (collectively "defendants") appeal from

the trial court's order granting summary judgment in favor of James Howard Garren, Jr. ("plaintiff"), Anthony Garren ("Anthony"), and Kim Garren ("Kim") (collectively, "the Garrens"). We affirm.

On 5 March 2009, Winifred Garren ("Winifred") executed a quitclaim deed ("the quitclaim deed" or "the deed") to her daughter, Watts.[1] The deed was a preprinted form with blank spaces for the completion of all required information. The deed indicated that it was prepared by Watts. The portion of the quitclaim deed intended to include the legal description of the property being transferred was left blank. However, in the section between Winifred's signature and the notary certification on the deed, Watts wrote "Parcel #960704498200000." The deed was recorded on 14 May 2009 at the Buncombe County Register of Deeds.

On 29 April 2010, Winifred executed an "Affidavit of Correction" ("the affidavit") pursuant to N.C. Gen. Stat. § 47-36.1 (2013), which added a legal metes and bounds description of the property intended to be conveyed in the quitclaim deed. The affidavit was recorded on 26 May 2010.

---

[1] Watts later legally changed her name to Sunny Williams.

On 3 November 2010, Winifred died. Plaintiff, who was Winifred's son, believed that she had executed a will in 2009, but he was unable to locate that document or any other will after her death. However, plaintiff discovered that both the deed and the affidavit had been recorded in the Buncombe County Registry.

On 16 December 2011, plaintiff initiated an action against defendants, Anthony, and Kim. Anthony and Kim were the children of Winifred's third child, who was deceased. In his complaint, plaintiff sought to have the quitclaim deed declared void, to have plaintiff and Watts declared one-third owners of Winifred's property, and to have Anthony and Kim declared one-sixth owners of the property.

Anthony and Kim filed an answer to plaintiff's complaint which admitted all of plaintiff's allegations and requested that they be aligned with plaintiff against the remaining defendants. On 17 May 2013, the Garrens jointly filed a motion for summary judgment.

After a hearing, the trial court granted summary judgment in favor of the Garrens on 3 June 2013. The trial court's order concluded that the description of the land conveyed in the deed

was insufficient such that the quitclaim deed was void *ab initio*. Defendants appeal.

Defendants argue that the trial court erred by granting summary judgment in favor of the Garrens and declaring the quitclaim deed void. Specifically, defendants contend that the deed had a sufficient description of the property conveyed. We disagree.

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)). This Court has previously explained that

> [a] description of land is void unless it is sufficient to identify the land or refers to something extrinsic by which the land may be identified with certainty. When the description itself, including the references to extrinsic things, describes with certainty the property, parol evidence is admissible to fit the description to the land.

*Maurice v. Motel Corp.*, 38 N.C. App. 588, 590, 248 S.E.2d 430, 432 (1978). Moreover,

> [t]o resolve cases in which a deed contains an ambiguous description, the courts have formulated various rules of construction and techniques to locate the boundaries of deeds whose descriptions are less than ideal. The most common rule of construction used by the courts is to gather the intention of the parties from the four corners of the instrument. The courts seek to sustain a deed if possible on the assumption that the parties intended to convey and receive land or they would never have been involved in the first place.

*Chicago Title Ins. Co. v. Wetherington*, 127 N.C. App. 457, 462, 490 S.E.2d 593, 597 (1997) (internal quotations and citation omitted).

In the instant case, the quitclaim deed stated, in relevant part:

> The Grantor, Winifred M. Garren, city of 102 Justice Ridge Rd. Candler, County of Buncombe, State of North Carolina, for the consideration of _____ CONVEY and QUIT CLAIM to Becky L. Watts of 11006 Kingfisher Dr., City of Charlotte, County of Mecklenburg, State of North Carolina, all interest in the following described real estate situated in the county of Buncombe, in the state of North Carolina, to wit:

The deed is then blank until Winifred's signature. Below Winifred's signature and prior to the notary certification section, Watts included the following: "Parcel# 960704498200000."

Defendants contend that two pieces of information on the

quitclaim deed identify the property sufficiently to satisfy the description element of a deed. First, defendants argue that Winifred's address listed on the deed, "102 Justice Ridge Rd. Candler," constitutes evidence of the property intended to be conveyed. However, that address only appears as part of the identification of Winifred as grantor. There is nothing in the remainder of the deed which would support an inference that Winifred intended to convey that particular piece of property.

The second piece of evidence cited by defendants is the handwritten "Parcel # 960704498200000" which appears in the lower portion of the deed. Defendants contend that this number constitutes a tax parcel identification number ("PIN") which could be used to establish the boundaries of the property by reference to the Buncombe County tax map. Defendants cite *Fisher v. Town of Nags Head*, ___ N.C. App. ___, 725 S.E.2d 99 (2012) and *GMAC Mortg., LLC v. Miller*, 216 N.C. App. 416, 716 S.E.2d 876, 2011 N.C. App. LEXIS 2250, 2011 WL 4920645 (2011) (unpublished), in support of their contention that a tax PIN, standing alone, constitutes a legally valid description of a property.

However, neither *Fisher* nor *GMAC* support defendants' position. In *Fisher*, this Court found that the description of a

property which was to be condemned was sufficient when "the description of the [property to be condemned] utilize[d] terms that are well defined in the referenced portion of the Administrative Code, such that a surveyor with experience in oceanfront properties could accurately determine the [property]." ___ N.C. App. at ___, 725 S.E.2d at 105. While the Court noted that the condemnation notice also included "the PIN Number and Tax Parcel for each . . . particular piece of property[,]" those identifying factors were not cited as part of the Court's analysis in upholding the description. *Id*. In *GMAC*, an unpublished case which "does not constitute controlling legal authority[,]" N.C.R. App. P. 30(e)(3) (2013), this Court upheld the description in a deed of trust based upon a tax parcel identification number *in conjunction with* a deed which was also referenced in the deed of trust. 216 N.C. App. 416, 716 S.E.2d 876. Thus, contrary to defendants' argument, neither *Fisher* nor *GMAC* stands for the proposition that a tax PIN, standing alone, provides a legally sufficient property description. Instead, those cases required additional identifying information together with a tax PIN in order for a description to be valid.

Moreover, unlike the descriptions at issue in *Fisher* and *GMAC*, the purported description in the quitclaim deed in the

instant case does not clearly state that the parcel number refers to a *tax* parcel number. Defendants' interpretation of the term "Parcel #" as referring to a tax PIN requires an inference that is not supported by any other portion of the deed. Without this unsupported inference, it is, ultimately, just a number recorded in a random location on the deed. Since neither Winifred's address as grantor nor the parcel number on the deed provide a legally sufficient description of the property to be conveyed, the trial court correctly determined that the quitclaim deed was void *ab initio* because it failed to "sufficient[ly] . . . identify the land or refer[] to something extrinsic by which the land may be identified with certainty." *Maurice*, 38 N.C. App. at 590, 248 S.E.2d at 432. This argument is overruled.

Defendants also briefly contend that the affidavit, which attempted to add a legal metes and bounds description to the deed, was merely a minor correction under N.C. Gen. Stat. § 47-36.1 (2013) which further clarified the description of the property that Winifred attempted to convey. However, as defendants concede in their brief, "a defective deed cannot be 'cured' by filing an affidavit of correction." Since we have already determined that the quitclaim deed was defective due to

the lack of a sufficient legal description, defendants' argument necessarily fails.

In conclusion, the trial court correctly determined that the quitclaim deed, which did not include a valid description of the property to be conveyed, was void *ab initio*. Accordingly, the trial court properly granted summary judgment in favor of the Garrens. The trial court's order is affirmed.

Affirmed.

Judges STROUD and DAVIS concur.

Report per Rule 30(e).