Butler County School District 12-0502, also known as
East Butler Public School District, a political subdivision
of the State of Nebraska, appellant, and Brenda Coufal,
an individual resident taxpayer of Butler County
School District 12-0502, also known as East
Butler Public School District, appellee, v.
Freeholder Petitioners 1 through 10:
Fern Jansa et al., appellees.

___ N.W.2d ___

Filed November 8, 2013.    No. S-13-123.

1.  **Jurisdiction: Appeal and Error.** A jurisdictional question which does not
    involve a factual dispute is determined by an appellate court as a matter of law.
2.  **Judgments: Appeal and Error.** An appellate court independently reviews ques-
    tions of law decided by a lower court.
3.  **Jurisdiction.** For the prior jurisdiction rule to apply, there must be equiva-
    lent proceedings.

Appeal from the District Court for Saunders County: Mary
C. Gilbride, Judge. Affirmed.

Rex R. Schultze and Derek A. Aldridge, of Perry, Guthery,
Haase & Gessford, P.C., L.L.O., for appellant.

Maureen Freeman-Caddy, of Bromm, Lindahl, Freeman-
Caddy & Lausterer, for appellees Fern Jansa et al.

Heavican, C.J., Wright, Connolly, Stephan, McCormack,
Miller-Lerman, and Cassel, JJ.

Miller-Lerman, J.
NATURE OF CASE

This case has previously been before this court. See *Butler
Cty. Sch. Dist. v. Freeholder Petitioners*, 283 Neb. 903, 814
N.W.2d 724 (2012) (*East Butler I*). The underlying case stems
from petitions filed by freeholders, the appellees, before the
Saunders County freeholder board (the Board) in which they
successfully sought to move their property from the Prague
Public School District (Prague District) to the Wahoo Public
School District (Wahoo District). Butler County School District
12-0502, also known as the East Butler Public School District
(East Butler), the appellant, objects to the appellees' petitions

primarily because East Butler, along with the Prague District, had a petition pending before the State Committee for the Reorganization of School Districts (Reorganization Committee) involving a proposed merger at the time the appellees filed their freeholder petitions. The merger plan encompassed the appellees' property.

In *East Butler I*, we concluded, inter alia, that East Butler had standing to appeal the Board's decision and we remanded the cause to the district court before which the appeal from the Board's decision was pending. Following remand, the district court rejected East Butler's argument that the Board lacked jurisdiction. East Butler contended that the Reorganization Committee had exclusive jurisdiction to act under the "prior jurisdiction rule." The district court determined, inter alia, that the prior jurisdiction rule did not apply to this case and that the Board had jurisdiction over the appellees' freeholder petitions. The district court affirmed the Board's order. East Butler appeals. We affirm.

## STATEMENT OF FACTS

In *East Butler I*, we set forth the facts by stating:

The district court summarized the facts as follows:

- On April 13, 2010, East Butler and the Prague District filed a petition and plan for dissolution and merger with the Reorganization Committee.
- On April 20, 2010, the appellees filed freeholder petitions with the Board seeking to remove property owned by them from the Prague District and move it to the Wahoo District.
- On May 14, 2010, the Reorganization Committee approved the dissolution and merger and entered an order merging East Butler and the Prague District. This order did not become effective immediately.
- On May 17, 2010, the Board granted the appellees' petitions to move their property into the Wahoo District.
- On June 10 [sic], 2010, the merger of East Butler and the Prague District became effective.
- On July 1, 2010, East Butler appealed [the Board's decision] to the district court. In the appeal, East Butler

sought vacation or reversal of the Board's order. It alleged that the Board lacked jurisdiction because the Reorganization Committee had exclusive jurisdiction over the matter or that the Reorganization Committee had prior jurisdiction to act under the prior jurisdiction rule.

The district court dismissed the appeal for lack of jurisdiction. It found that East Butler had not complied with [Neb. Rev. Stat.] § 79-458(5) [Reissue 2008] when that section was read in pari materia with Neb. Rev. Stat. § 23-136 (Reissue 2007). Section 79-458(5) permits a party to appeal from an action of a freeholder board in the same manner that a party can appeal from a county board's allowance or disallowance of a claim. The court read § 79-458(5) to require a party to comply with the time limit to appeal under § 23-136, which governs appeals from a county board's allowance of a claim. Because East Butler did not appeal within the 10 days specified for appeals under § 23-136, the court determined that it did not acquire jurisdiction over the appeal. In addition, citing case law holding that a school district cannot maintain an action to challenge its boundaries, the court found that East Butler lacked standing.

283 Neb. at 905-06, 814 N.W.2d at 727.

At the Board's hearing held on May 17, 2010, regarding the appellees' freeholder petitions, the appellees were represented by counsel and presented evidence. The superintendent for the Prague District, along with counsel, also attended the Board's hearing. The Prague District's attorney presented evidence and testified in opposition to the appellees' freeholder petitions, arguing that the Board lacked jurisdiction over the petitions.

As stated above, East Butler appealed the Board's decision approving the appellees' freeholder petitions to the district court. The district court held a hearing on October 4, 2010, at which East Butler's and the appellees' attorneys were present and evidence was received. On March 14, 2011, the district court held a hearing on the appellees' motion to dismiss and conducted a trial. At the March 14 combined hearing and trial,

East Butler's attorney offered and the district court received the certified transcript from the Board's May 17, 2010, hearing. The appellees' attorney offered exhibits that the district court received, including the agendas and minutes from two meetings held by the East Butler school board and a general billing statement for services rendered from a law firm to East Butler. At the March 14, 2011, hearing and trial in district court, East Butler's attorney stated that

> [t]his case is, for purposes of East Butler, really is not dealing with the freeholder's petition [sic], it's not challenging the freeholder's petition [sic] directly. This has more to do with seeking to enforce the order of the [Reorganization Committee] and that the [Reorganization Committee] had exclusive jurisdictions [sic] to hear that order and consolidate the school districts, exclusive of the . . . Board.

At the March 14, 2011, hearing and trial in district court, the appellees' attorney called two witnesses: a taxpayer in the East Butler school district and the superintendent of East Butler Public Schools. The superintendent testified that he did not exactly recall when he learned of the appellees' intention to file freeholder petitions but that he "believe[d] this started even at the end of 2009 and into 2010," which is before East Butler and the Prague District filed their petition and plan for dissolution and merger with the Reorganization Committee on April 13, 2010. The superintendent further testified that the appellees' freeholder petitions "had been a concern from the very beginning when we [East Butler and the Prague District] were looking at merging." In this regard, we note that the record shows the merger petition filed before the Reorganization Committee excluded from the merger result freeholders who had already filed freeholder petitions prior to the filing of the merger petition. The merger petition did not, however, make provision for freeholders who might file after the merger petition was filed and whose freeholder petitions might be pending while the merger petition was under consideration before the Reorganization Committee.

As stated above, the district court determined that East Butler lacked standing and that the appeal was untimely, and

therefore dismissed East Butler's appeal for lack of jurisdiction. East Butler appealed, resulting in our decision in *East Butler I*. With regard to standing in *East Butler I*, we stated that "because East Butler had a valid merger petition that involved the same property pending at the time of the appellees' freeholder petitions, it had sufficient interest in the matter to invoke the court's jurisdiction" and we therefore concluded that East Butler had standing to appeal. 283 Neb. at 905, 814 N.W.2d at 726-27. With regard to the timeliness of the appeal in *East Butler I*, we determined that East Butler's appeal was timely under Neb. Rev. Stat. § 79-458(5) (Reissue 2008), which provides that appeals may be taken from the action of a freeholder board on or before August 10. Our ruling was based on the record that showed the Board had rendered its decision on May 17, 2010, and East Butler had appealed to the district court on July 1, which was before the August 10 deadline. Accordingly, in *East Butler I*, we reversed the district court's order of dismissal and remanded the cause for further proceedings.

On remand, the case was submitted to the district court on the record which had been made leading to *East Butler I*. East Butler argued to the district court that the Board lacked jurisdiction because the Reorganization Committee had prior jurisdiction to act under the common-law "prior jurisdiction rule." In its order filed January 22, 2013, the district court stated that the "application of the prior jurisdiction rule is not appropriate" in this case and that the Board had jurisdiction over the appellees' freeholder petitions. The district court considered the factors underlying application of the prior jurisdiction rule and determined application of the prior jurisdiction rule was not warranted, inter alia, because the two actions were not equivalent, i.e., one action was a school reorganization case, and the other action was a freeholder petition case. The district court also based its decision on the language of § 79-458 as amended in 2007 apparently in support of its finding that the appellees' freeholder petitions, when filed, were to remove land from an existing school district. The district court affirmed the Board's order granting the freeholder petitions.

East Butler appeals.

## ASSIGNMENTS OF ERROR

East Butler claims on appeal, restated, that the district court erred when it (1) determined that the prior jurisdiction rule was not applicable and (2) concluded that the Board had jurisdiction to hear the appellees' freeholder petitions.

## STANDARDS OF REVIEW

[1,2] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Holdsworth v. Greenwood Farmers Co-op*, ante p. 49, 835 N.W.2d 30 (2013). We independently review questions of law decided by a lower court. *Pinnacle Enters. v. City of Papillion*, ante p. 322, 836 N.W.2d 588 (2013).

## ANALYSIS

East Butler argues that the district court should have adopted and applied the prior jurisdiction rule and that because East Butler took the first valid step, the court should have determined that under the prior jurisdiction rule, the Reorganization Committee had "exclusive" jurisdiction over the property at issue. Brief for appellant at 18. East Butler thus claims that because the Reorganization Committee had "exclusive" jurisdiction under the prior jurisdiction rule, the district court erred when it determined that the Board had jurisdiction to hear the appellees' freeholder petitions. East Butler does not rely on a statutory basis in support of its assigned errors.

There are no factual disputes regarding the jurisdictional question before us, so we independently review the district court's decision as a matter of law. See, *Pinnacle Enters. v. City of Papillion, supra*; *Holdsworth v. Greenwood Farmers Co-op, supra*. We reject East Butler's argument that the prior jurisdiction rule applies to this case and conclude that the district court did not err when it declined to adopt or apply the prior jurisdiction rule. We further conclude that the district court did not err when it determined that the Board had jurisdiction over the appellees' freeholder petitions. For completeness, we note that East Butler does not assign as error the district court's determination on the merits affirming the Board's grant of the appellees' freeholder petitions. Accordingly, we affirm.

We note that it was not necessary to consider the appli-cation of the prior jurisdiction rule in *East Butler I*. And although we have not previously adopted the prior jurisdic-tion rule, we discussed the rule in an annexation case, *City of Elkhorn v. City of Omaha*, 272 Neb. 867, 725 N.W.2d 792 (2007). In *City of Elkhorn*, we described the prior jurisdiction rule as it related to the subject of annexation by stating:

> Under the prior jurisdiction rule, when two public bod-ies claim jurisdiction over the same territory in annexa-tion proceedings, the public body which takes the first valid step toward annexation has the superior claim. And it may complete its proceedings if it acts promptly and in accordance with statutory requirements.

272 Neb. at 883, 725 N.W.2d at 807.

In *City of Elkhorn*, we stated that "[w]e need not determine whether to adopt the prior jurisdiction rule because we con-clude that the rule is not applicable when different territories are the subject of the competing annexations." 272 Neb. at 884, 725 N.W.2d at 807. We further noted that "some courts have declined to apply the prior jurisdiction rule as antiquated or superseded by statutory procedures." *Id.* (citing cases). The cases cited generally show that priority between competing annexation proceedings has been resolved by statutes.

When describing the prior jurisdiction rule in *City of Elkhorn*, we cited to Eugene McQuillin's treatise, "The Law of Municipal Corporations." The treatise describes the prior juris-diction rule generally and thereafter focuses on the elements necessary for its application. This treatise introduces the prior jurisdiction rule by stating:

> The rule that among separate equivalent proceed-ings relating to the same subject matter, that one which is prior in time is prior in jurisdiction to the exclu-sion of those subsequently instituted, applies, generally speaking, to and among proceedings for the municipal incorporation, annexation, or consolidation of a particu-lar territory.

2 Eugene McQuillin, The Law of Municipal Corporations § 7:39 at 674-76 (3d ed. 2006). See, also, 62 C.J.S. *Municipal Corporations* § 76 at 94 (2011) (stating that "'prior pending

proceedings rule' provides that where two municipalities attempt to annex the same area at approximately the same time, the legal proceedings first instituted, if valid, have priority, *but there must be equivalent proceedings*") (emphasis supplied). In addition to municipal corporations, the prior jurisdiction rule has been applied to cases involving competing school districts. See, e.g., *State v. Reorganized District No. 11*, 307 S.W.2d 501 (Mo. 1957) (in action brought between competing school districts and other parties, writ of quo warranto issued based on application of prior jurisdiction rule).

Following the introductory remarks, the treatise thereafter focuses on the elements necessary to apply the prior jurisdiction rule, and it is the absence of the element of equivalent proceedings which determines the outcome of this case. McQuillin's treatise states, "The prior jurisdiction rule applies where the proceedings are equivalent. If they are not equivalent, the prior jurisdiction rule does not apply." 2 McQuillin, *supra*, § 7:39 at 680.

The opinion in *Yandle v. Mecklenburg County and Mecklenburg County v. Town of Matthews*, 85 N.C. App. 382, 355 S.E.2d 216 (1987), cited in McQuillin's treatise, provides an example of a case where the prior jurisdiction rule did not apply because the proceedings at issue—a condemnation matter and annexation matter—were not equivalent. In *Yandle*, a county commenced eminent domain proceedings by initiating condemnation of certain property that the county intended to use as a landfill; however, the property at issue was already being considered for voluntary annexation. The North Carolina Court of Appeals determined that annexation proceedings and eminent domain proceedings were not equivalent and that accordingly, the prior jurisdiction rule did not apply.

The *Yandle* court stated the framework for its analysis as follows:

> The court below concluded that the prior jurisdiction rule was applicable without first considering whether the annexation and condemnation proceedings are "'equivalent proceedings relating to the same subject matter.'"

*City of Burlington v. Town of Elon College*, 310 N.C. [723,] 727, 314 S.E.2d [534,] 537 [1984]. This conclusion was in error. The court should have first made the determination of whether the proceedings are equivalent. If they are, the prior jurisdiction rule would apply. If they are not equivalent, the court could not use the prior jurisdiction rule and must look elsewhere to determine how to proceed. We hold that, for determining whether the prior jurisdiction rule applies, eminent domain proceedings and annexation proceedings are not equivalent.

85 N.C. App. at 388, 355 S.E.2d at 220.

In the present case, we first examine whether the merger petition case and the freeholder petitions case are equivalent proceedings and we conclude they are not. East Butler and the Prague District initiated proceedings to reorganize and merge their existing school districts into one public school district. We have noted that there are two methods available to accomplish a school district reorganization: the election method and the petition method. *Nicholson v. Red Willow Cty. Sch. Dist. No. 0170*, 270 Neb. 140, 699 N.W.2d 25 (2005). The election method, which was not utilized in this case, is governed by Neb. Rev. Stat. §§ 79-432 to 79-451 (Reissue 2008). The petition method is governed by Neb. Rev. Stat. §§ 79-413 to 79-422 (Reissue 2008 & Cum. Supp. 2012). The petition method may be conducted in two ways: by petition signed by the voters or by the actions of the boards of education for the separate school districts. East Butler and the Prague District utilized the latter petition method to initiate the merger and reorganization proceedings under discussion. East Butler and the Prague District filed their petition and plan for dissolution and merger with the Reorganization Committee on April 13, 2010, under § 79-415(1), which provides:

In addition to the petitions of legal voters pursuant to section 79-413, changes in boundaries and the creation of a new school district may be initiated and accepted by the school board or board of education of any district that is not a member of a learning community.

The appellees, who are freeholders, petitioned to remove their property from one school district and move the property

to another district pursuant to § 79-458. Under § 79-458, the appellees filed their freeholder petitions with the Board, composed of the county assessor, county clerk, and county treasurer, on April 20, 2010, seeking to remove their property from the Prague District and move it to the Wahoo District. Section 79-458 provides in part:

(1) Any freeholder or freeholders, person in possession or constructive possession as vendee pursuant to a contract of sale of the fee, holder of a school land lease under section 72-232, or entrant upon government land who has not yet received a patent therefor may file a petition on or before June 1 for all other years with a board consisting of the county assessor, county clerk, and county treasurer, asking to have any tract or tracts of land described in the petition set off from an existing school district in which the land is situated and attached to a different school district which is contiguous to such tract or tracts of land if:

(a)(i) The school district in which the land is situated is a Class II or III school district which has had an average daily membership in grades nine through twelve of less than sixty for the two consecutive school fiscal years immediately preceding the filing of the petition;

(ii) Such Class II or III school district has voted pursuant to section 77-3444 to exceed the maximum levy established pursuant to subdivision (2)(a) of section 77-3442, which vote is effective for the school fiscal year in which the petition is filed or for the following school fiscal year;

(iii) The high school in such Class II or III school district is within fifteen miles on a maintained public highway or maintained public road of another public high school; and

(iv) Neither school district is a member of a learning community; or

(b) Except as provided in subsection (7) of this section, the school district in which the land is situated, regardless of the class of school district, has approved a budget for the school fiscal year in which the petition is filed that

will cause the combined levies for such school fiscal year, except levies for bonded indebtedness approved by the voters of such school district and levies for the refinancing of such bonded indebtedness, to exceed the greater of (i) one dollar and twenty cents per one hundred dollars of taxable valuation of property subject to the levy or (ii) the maximum levy authorized by a vote pursuant to section 77-3444.

For purposes of determining whether a tract of land is contiguous, all petitions currently being considered by the board shall be considered together as a whole.

[3] In the present case, we stated in *East Butler I* that the appellees' freeholder petitions involve the "same territory" that was part of East Butler's reorganization and merger plan. 283 Neb. at 904, 814 N.W.2d at 726. However, as stated above, for the prior jurisdiction rule to apply, there must be equivalent proceedings, and thus we examine the nature of the two proceedings.

East Butler and the appellees initiated their proceedings under different statutes, utilizing §§ 79-413 to 79-422 and 79-458, respectively. The two proceedings are subject to different deadlines; e.g., the freeholders must file their request by June 1, § 79-458(1), whereas the Reorganization Committee must rule on a petition by June 1, Neb. Rev. Stat. § 79-479(1)(b) (Reissue 2008). The parties in the two proceedings are not identical. The initial proceedings are conducted before two different entities, i.e., the Reorganization Committee and the Board. The object of the school districts' reorganization and merger action was to merge the two existing school districts of East Butler and the Prague District into one school district. In contrast, the object of the appellees' freeholder petitions was to remove their property from one school district, namely the Prague District, into another school district, namely the Wahoo District.

The court in *Yandle v. Mecklenburg County and Mecklenburg County v. Town of Matthews*, 85 N.C. App. 382, 355 S.E.2d 216 (1987), referred to Black's Law Dictionary when discussing equivalent proceedings, and we find the definition helpful. Black's Law Dictionary 620 (9th ed. 2009) defines

"equivalent" as "1. Equal in value, force, amount, effect, or significance. 2. Corresponding in effect or function; nearly equal; virtually identical." We cannot say that the proceedings utilized by East Butler to reorganize and merge the two school districts are equivalent to the proceedings utilized by the appellees as freeholders to remove the appellees' property from one school district and move it into another school district. The two proceedings are not equal in effect or significance. Because the two proceedings are not equivalent, we conclude that the prior jurisdiction rule, if adopted, would not apply to this case. The district court did not err when it so concluded.

For completeness, we note that as indicated in the "Statement of Facts" section, the school districts were present throughout the proceedings in this freeholder case. The Prague District's superintendent was present along with counsel at the hearing on the appellees' petition before the Board on May 17, 2010. The Prague District's attorney testified in opposition to the appellees' freeholder petitions and presented evidence. Furthermore, East Butler was represented by counsel at the hearings and trial before the district court on appeal in *East Butler I*, on remand to the district court following our decision in *East Butler I*, and in the present appeal. Accordingly, the school districts have been able to participate and make their interests known throughout the proceedings regarding the appellees' freeholder petitions.

We do not find a statutory basis to reach the result urged by East Butler, and we have concluded that the common-law prior jurisdiction rule, if adopted, would not apply.

## CONCLUSION

Because the prior jurisdiction rule, if adopted, does not apply to this case, we determine that the district court did not err when it determined that the Board had jurisdiction over the appellees' freeholder petitions and affirmed the decision of the Board.

AFFIRMED.